MANUEL FERNANDEZ *v.* MERCHANTS' MUTUAL INSURANCE COMPANY.

An insurance company will not be liable because the fire warden advised the removal of property from a burning building, and it was stolen during the transit.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
Levi Pierce and *Durant & Hornor* for defendant.

*C. Hunt and L. Castera for plaintiff and appellant.*—Cigars are goods very liable to be missed at a fire; such things cannot be avoided.

*Michal Deggan,* witness for plaintiff, says: That the roof of the building was burnt considerably, and also the openings and corner windows were all scorched; the engines played on the building.

*Léon Lamothe,* another witness, says: That he was present when Villa (Fernandez's clerk) asked Mr. Youenes if he should not remove the contents of the store. Youenes said not yet, but get all ready.

A little while after, Villa asked Youenes if he would move out the stock, and Youenes told him yes, and during the removal plenty of the cigars were stolen; they were taken forcibly out of the hands of those who were removing them.

The other witness heard gave the same evidence.

The above testimony shows most conclusively, that Manuel Fernandez did not intend to remove the stock of cigars for his own use, benefit or interest. His rights were not only protected, but secured beyond any doubt, by the two policies sued upon; the loss by fire and water being certain. And then what did he do? He applied to the fire warden for the removal of the stock; and if he ever intended to remove the cigars for himself, he did not want the consent or approbation of any body, even the fire warden, but to act according to his own will. What was the reply of Mr. J. Youenes? No; wait; the fire may be checked, and when he sees the roof of the store taking fire; now, says he, remove the stock of cigars; and, as the weather was threatening rain, then he sends for tarpaulings to protect the merchandise; and he does this, not for the interest of Fernandez, but in behalf of the company, to protect them and diminish their loss.

P. A. Boudousquié, a French writer on fire insurance, p. 289, says:

"L'assureur, s'il se trouve sur les lieux aussitôt que le sinistre se déclare, dirigera le sauvetage."

And at the page 290, the same author adds:

"Comment, en effet, l'assureur pourrait-il être privé du droit de diriger le sauvetage, puisqu'il s'est mis, arrivant le sinistre, au lieu et place de l'assuré........C'est sa propre chose qu'il s'agit de conserver et qu'en travaillant au sauvetage il ne fait que ce que l'assuré lui-même serait obligé de faire en son nom." Reference is made by the writer to Valin sur l'art. 51 de l'Ordonance, titre des assurances. Emerigon, chap. 17 See 7, §2.

FERNANDEZ
v.
MERCHANTS'INS.

"Le recouvrement des effets naufragés, dit Emerigon, se fait pour le compte de qui il appartient, sans qu'on ait besoin d'aucun mandat de la part des personnes intéressées, l'action negotiorum gestorum defère tous les pouvoirs que l'urgence du cas exige. Ce qui se fait pour le recouvrement du navire et des effets on est censé le faire que pour les assureurs."

HOWELL, J. This is an action upon a policy of insurance to make defendant liable for goods stolen, while being removed from a building damaged by fire. A clause in the policy expressly excludes responsibility for loss of property by theft, during or subsequent to the fire; but plaintiff, the appellant, contends that, under a legal and equitable interpretation of the terms of the policy, the defendant is made liable, by reason of its agent, the firewarden having ordered the removal of the property from the burning building.

Admitting that the action is properly brought, to enforce such liability under this particular contract of insurance (upon which we are not called on to express an opinion), plaintiff has failed to show that the firewarden undertook to remove the goods on behalf or for account of the defendant. On the contrary, it is proven that the plaintiff himself undertook the removal, at the suggestion and on the advice of the firewarden, whose duty and authority, in this respect, are aptly described by the president of the company, to wit: "To advise parties who are insured as to the removal or disposition of their property, *and, in case of their refusal,* to intervene in behalf of parties concerned." Plaintiff did not refuse, so as to require this intervention, and his acting upon the advice of the firewarden did not change the rights and obligations of the parties to the contract.

Good faith, it seems, would require both parties to do all in their power to make the loss as small as possible, and as there was express exclusion of liability for the course set forth in this action, it was incumbent on plaintiff to show, beyond reasonable doubt, that defendant did some act to incur liability for such loss. The stealing by the crowd was neither a necessary nor direct consequence of the fire, and the loss was clearly not within the contemplation of the parties at the time of contracting, and no subsequent act of the defendant is shown to create a liability, as charged.

Judgment affirmed, with costs.