UNION INSURANCE COMPANY OF CALIFORNIA V.
JOSEPH S. BARWICK,

AND

GERMAN-AMERICAN INSURANCE COMPANY OF NEW
YORK V. JOSEPH S. BARWICK.

FILED FEBRUARY 15, 1893.   Nos. 5453, 5454.

1. **Fire Insurance**: ASSIGNMENT OF POLICY: ACTION FOR LOSS: PROPER PARTY PLAINTIFF.   A business man having insured his stock of good for $4,000, made a formal assignment of the

policies with the consent of the insurers to one B, to secure a contingent liability as indorser on his notes. He also executed a chattel mortgage on his goods for the same purpose. The notes were paid by the maker and B. released from liability on the notes. In an action on the policies for a loss, *held*, that it was properly brought in the name of the insured.

2. ———: PROOF OF LOSS: WAIVER OF OBJECTIONS. Where proof of loss is furnished to the insurance company to which it objects, it must return the same with its objections within a reasonable time or its objections will be unavailing.

3. ———: ARBITRATION: PROVISION OF POLICY. A provision in a policy of insurance for arbitration is of no force where the insurance company denies its liability on the policy.

4. ———: CHANGE OF TITLE TO INSURED CHATTELS. A mortgage of chattels to secure a contingent liability of the mortgagee as indorsee and under which the mortgagee does not take possession is not such change of title as to avoid the policy.

5. ———: INSTRUCTIONS set out in the record *held* not prejudicial to the companies.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

Joseph S. Barwick brought suit against The Union Insurance Company of California and The German-American Insurance Company of New York, to recover upon their policies the amount of insurance written by each upon his wholesale stock of cigars and tobacco. The causes were tried together, and judgment rendered against each of the defendants. The companies prosecuted proceedings in error, and the cases were reviewed together upon the same record. *Judgments affirmed.*

*Charles Offutt,* for plaintiffs in error:

The petitions showed that Barwick had disposed of his title to recovery. He was not the real party in interest, and had no right to maintain either action in his own name. (Sec. 29, Code; *Lytle v. Lytle* 2 Met. [Ky.], 127.) The written assignment could not be changed by acts of

Barwick, and the action must be brought in the name of the assignee. (Sec. 29, Code; *Mills v. Murry*, 1 Neb., 327.) One is the real party in interest, and must bring the action in his own name, whenever a final judgment in an action brought by him would be a complete bar to any other action on the same demand by any other party. (Pomeroy, Remedies, secs. 128–129; *Killmore v. Culver*, 24 Barb. [N. Y.], 656–657; *James v. Chalmers*, 6 N. Y., 209–215; Hawes, Parties to Actions, sec. 34; *Hays v. Hathorn*, 74 N. Y., 486; Pomeroy, Remedies and Remedial Rights [2d ed.], secs. 126, 132; Bliss, Code Pleading, sec. 46.) This rule applies to insurance polices payable to mortgagee "as his interest may appear." (*Bonefant v. American Ins. Co.*, 76 Mich., 653; *Westchester Fire Ins. Co. v. Coverdale*, 48 Kan., 446; *Glover v. Wells*, 29 N. E. Rep. [Ill.], 680; *Fogg v. Ins. Co.*, 10 Cush. [Mass.], 346; *Southern Fertilizer Co. v. Reames*, 11 S. E. Rep. [N. Car.], 467; *Hastings v. Westchester Fire Ins. Co.*, 73 N. Y., 149.) There was a total failure to make and furnish proofs of loss called for by each policy. Furnishing proofs of loss was a condition precedent to suit. (*German Ins. Co. v. Fairbank*, 32 Neb., 750; *McCann v. Ætna Ins. Co.*, 3 Id., 207.) There was a total failure of proof on the question of arbitration. An award by arbitrators was a condition precedent to suit. (*Scott v. Avery*, 5 H. L. Cas. [Eng.], 811; *Viney v. Bignold*, 20 Q. B. D. [Eng.], 172; *Delaware & Hudson Canal v. Pennsylvania Coal Co.*, 50 N. Y., 250; *Wolff v. Ins. Co.*, 21 Vroom [N. J. Law], 453; *Hall v. Norwalk Ins. Co.*, 57 Conn., 105, 114; *Adams v. Ins. Co.*, 70 Cal., 198; *Carroll v. Girard Ins. Co.*, 72 Cal., 297; *Gauche v. Ins. Co.*, 10 Fed. Rep., 347; s. c. 4 Woods [U. S.], 102; *Hamilton v. Ins. Co.*, 136 U. S., 242; *Hutchinson v. Ins. Co.*, 26 N. E. Rep. [Mass.], 440; *Morley v. Ins. Co.*, 20 Ins. L. J. [Mich ], 581; *Gasser v. Sun Fire Office*, 42 Minn., 315; *Davenport v. Long Island Ins. Co.*, 10 Daly [N. Y.], 535.) The proofs of loss were not fur-

nished.    The requirement as to a certificate from a public
officer is not less imperative than other conditions.  (2
Phillips, Insurance, 472 ;  *Woosley v. Wood,* 6 Term R.
[Eng.], 710 ;  *Ins. Co. v. Lawrence,* 2 Peters [U. S.], 25 ;
*Gilligan v. Ins. Co.,* 87 N. Y., 626; *Ins. Co. v. Sennett,*
41 Pa. St., 161 ; *Mueller v. Ins. Co.,* 87 Id., 399; *Kelly
v. Sun Fire Office,* 20 Ins. L. J. [Pa.], 407.)  The plead-
ings alleged a performance of the conditions, not their
waiver, and it was error to admit evidence tending to
prove a waiver, or to instruct the jury as to what consti-
tuted a waiver.  (*German Ins. Co. v. Fairbank,* 32 Neb.,
753; *Phœnix Ins. Co. v. Bachelder,* Id., 493 ; *Livesey v.
Omaha Hotel Co.,* 5 Neb., 50 ; *Lumbert v. Palmer,* 29 Ia.,
108 ; *Eiseman v. Hawkeye Ins. Co.,* 74 Id., 11 ; *Baldwin
v. Munn,* 2 Wend. [N. Y.], 399; *Oakley v. Morton,* 11
N. Y., 29 ; *Pier v. Heinrichoffen,* 52 Mo., 333.)  The suf-
ficiency of the proofs of loss was for the court, not the
jury, to determine.  (*Miller v. Ins. Co.,* 2 E. D. Smith [N.
Y.], 268 ; *Klein v. Ins. Co.,* 13 Pa. St., 247 ; *Ins. Co. v.
O'Neill,* 1 Atl. Rep. [Pa.], 592 ; *Ins. Co. v. Doll,* 35 Md.,
89; *Ins. Co. v. Stibbe,* 46 Id., 302 ; *Neese v. Ins. Co.,* 55 Ia.,
604 ; *Ins. Co. v. Shepard,* 12 S. E. Rep. [Ga.], 22 ; *Gauche
v. Ins. Co.,* 10 Fed. Rep., 356.)  The delivery of the key
was a delivery of the goods.  (*Chaplin v. Rogers,* 1 East
[Eng.], 192 ; Benjamin, Sales [6th Am. ed.], 1043 ; 12
Am. & Eng. Encyl. Law, 519.)  The chattel mortgage
effected a change of title.  (*Stewart v. Otoe Co.,* 2 Neb.,
185 ; *Adams v. Nebraska City National Bank,* 4 Id., 373 ;
*Marseilles Manufacturing Co. v. Morgan,* 12 Id., 69 ; *Ahl-
man v. Meyer,* 19 Id., 68 ; *Nelson v. Garey,* 15 Id., 535 ;
*Loeb v. Milner,* 21 Id., 399 ; *Schumitsch v. American Ins.
Co.,* 48 Wis., 30; *Western Massachusetts Ins. Co. v. Riker,*
10 Mich., 280 ; *Foote v. Phenix Ins. Co.,* 119 Mass., 259 ;
*Farmers Ins. Co. v. Archer,* 36 O. St., 608 ; *Baldwin v.
Phœnix Ins. Co.,* 60 N. H., 164 ; *Tallman v. Atlantic Fire
Ins. Co.,* 3 Keyes [N. Y.], 87 ; *Olney v. German Ins. Co.,*

50 N. W. Rep. [Mich.], 100; *Lee v. Agricultural Ins.
Co.*, 44 N. W. Rep. [Ia.], 683; *East Texas Fire Ins. Co. v.
Clarke,* 15 S. W. Rep. [Tex.], 166.)   What is a "material
part" of a contract is a question of law, and the jury
should have been instructed on that question. (*Oliver v.
Hawley,* 5 Neb., 444; *Palmer v. Largent,* 5 Id., 223;
Thompson, Trials, secs. 1395, 1950, 2187.)   It was error
to leave the question of waiver to the jury without stating
what facts and circumstances would constitute a waiver.
(*Estabrook v. Omaha Hotel Co.*, 5 Neb., 76; *Boehme v.
Omaha Hotel Co.*, Id., 80.)

*Talbot & Bryan, contra:*

A policy of insurance is to be construed, if possible,
so as to carry into effect the purpose for which the pre-
mium was paid and it was issued. (*Phœnix Ins. Co. v.
Barnard,* 16 Neb., 90; *Springfield Ins. Co. v. McLimans,*
28 Id., 850; *German Ins. Co. v. Penröd,* 35 Id., 273.)
Barwick is the real party in interest.   An assignment
as collateral security is not a "sale, transfer, or change
of title," within the meaning of the policy. (*Ayers v.
Hartford Ins. Co.*, 21 Ia., 193; *Hoagland v. Van Etten,*
22 Neb., 681.)   The testimony shows that Barwick was
always in possession.   The giving of the chattel mortgage
without a transfer of the property did not invalidate the
policies. (*Byers v. Ins. Co.*, 35 O. St., 619; *Ins. Co. v.
Spankneble,* 52 Ill., 53; *Aurora Fire Ins. Co. v. Eddy,*
55 Id., 213; May, Ins., sec, 269; *Quarrier v. Peabody
Ins. Co.*, 10 W. Va., 507·; *Judge v. Connecticut Fire Ins.
Co.*, 132 Mass., 521; *Hennessey v. Manhattan Fire Ins.
Co.*, 28 Hun [N. Y.], 98; *Hanover Fire Ins. Co. v. Con-
over,* 20 Brad. [Ill.], 297; *Nussbaum v. Northern Ins. Co.*,
37 Fed. Rep., 524; *Ins. Co. v. Gordon,* 68 Tex., 144;
*Bryan v. Traders Ins.· Co.*, 145 Mass., 389; *Hammell v.
Queen's Ins. Co.*, 54 Wis., 72; *Loy v. Ins. Co.*, 24 Minn.,
315; *Phœnix Ins. Co. v. Mutual Life Ins. Co.*, 101 Ind.,

393; *Ins. Co. v. Grover & Baker Machine Co.*, 41 Mich.,
131; *Marts v. Ins. Co.*, 44 N. J. L., 478; *Ins. Co. v. Jackson*, 83 Ill., 302; *Lane v. Ins. Co.*, 28 American Decisions,
154; *Humphry v. Ins. Co.*, 15 Blatchford [U. S.], 35; *Orrell v. Hampden Fire Ins. Co.*, 13 Gray [Mass.], 431;
*Shepherd v. Union Fire Ins. Co.*, 38 N. H., 232; *Jackson v. Ins. Co.*, 23 Pick. [Mass.], 418; *Rice v. Tower*, 1 Gray
[Mass.], 426; *Rollins v. Ins. Co.*, 5 Foster [N. H.], 200;
*Jecko v. Ins. Co.*, 7 Mo. App., 308; *Savage v. Ins. Co.*, 52
N. Y., 502; *Van Dusen v. Charter Oak Ins. Co.*, 1 Rob.
[N. Y.], 55; *McNamara v. Ins. Co.*, 47 N. W. Rep. [S.
Dak.], 288.) The question of ownership by the insured is
for the jury. (*Planters Mutual Ins. Co. v. Engle*, 52 Md.,
468; *Pittsburgh Ins. Co. v. Frazee*, 107 Pa. St., 521.) The
companies by denying all liability dispensed with the necessity of furnishing proof of loss. (*Phenix Ins. Co. v.
Bachelder*, 32 Neb., 494.) The companies denied liability,
and it was therefore unnecessary to demand an award by arbitrators. (*Pratt v. N. Y. Central Ins. Co.*, 55 N. Y., 505;
*Franklin Fire Ins. Co. v. Chicago Ice Co.*, 36 Md., 102;
*Ætna Fire Ins. Co. v. Tyler*, 16 Wend. [N. Y.], 385.)
Neither party demanded arbitration, and an award was for
that reason unnecessary. (*Wright v. Susquehanna Mutual
Fire Ins. Co.*, 20 Atl. Rep. [Pa.], 716; *Bailey v. Ætna Ins.
Co.*, 46 N. W. Rep. [Wis.], 440.) Under an allegation of
performance of a condition proof of a waiver is admissible
without alleging the waiver. (May, Insurance, sec. 589;
*Schultz v. Merchants Ins. Co.*, 57 Mo., 331; *Pennsylvania
Fire Ins. Co. v. Dougherty*, 102 Pa. St., 568; *Levy v. Peabody Ins. Co.*, 10 W. Va., 560; *Smith v. Ins. Co.*, 33 Up.
Can. Q. B., 70; *Russell v. State Ins. Co.*, 55 Mo., 592;
*German Fire Ins. Co. v. Grunert*, 112 Ill., 69.) Parties are
estopped from objecting to defective notice by a denial of
liability and a failure to object to the sufficiency of the
proof of loss, and by endeavoring with the insured to ascertain the amount of loss. (May, Ins., sec. 505; *Manhattan*

*Fire Ins. Co. v. Stein*, 5 Bush [Ky.], 652; *Ligon's Adm'r v. Ins. Co.*, 87 Tenn., 341; *Ins. Co. v. Neve*, 2 McMullen [S. Car.], 237; *Lewis v. Ins. Co.*, 52 Me., 492; *Ins. Co. v. Schueller*, 60 Ill., 465; *O'Conner v. Ins. Co.*, 31 Wis., 160; *Grange Milling Co. v. Assurance Co.*, 118 Ill., 396.) The sufficiency of the proofs of loss and waiver were questions for the jury to pass upon. (*New Orleans Ins. Association v. Matthews*, 65 Miss., 301; *Chadbourne v. German-American Ins. Co.*, 31 Fed. Rep., 533; *Knickerbocker v. Gould*, 80 Ill., 388; *Edwards v. Baltimore Ins. Co.*, 3 Gill [Md.], 176; *Mercantile Ins. Co. v. Holthaus*, 43 Mich., 423; *Kramer v. People's Ins. Co.*, 14 Mo. App., 584; *O'Brien v. Phenix Ins. Co.*, 76 N. Y., 459; *McPike v. Western Assn. Co.*, 61 Miss., 37; *Solomon v. Metropolitan Ins. Co.*, 10 Jones & Sp. [N. Y.], 22; *Enterprise Ins. Co. v. Parisot*, 35 O. St., 35; *Lowry v. Lancashire Ins. Co.*, 32 Hun [N. Y.], 329; *Argall v. Old North State Ins. Co.*, 84 N. Car., 355; *Farmers Mutual Fire Ins. Co. v. Moyer*, 97 Pa. St., 441; *Crawford County Mutual Ins. Co. v. Cochran*, 88 Pa. St., 230; *Miller v. Germania Fire Ins. Co.*, 13 Phila. [Pa.], 551; *Todd v. Ætna Ins. Co.*, 2 W. N. C. [Pa.], 227; *Fawcett v. Ins. Co*, 27 Up. Can. Q. B., 225; *American Fire Ins. Co. v. Hazen*, 17 W. N. C. [Pa.], 249.) The trial court stated what facts constitute a waiver, and it was proper to leave it to the jury to say what facts were proved. (*Dreyfus v. Aul*, 29 Neb., 197.)

MAXWELL, CH. J.

On the 12th day of January, 1890, the defendant insured "his wholesale stock of cigars, cigarettes, snuffs, pipes, and all kinds of tobacco, including packages, cases, and boxes containing same, and other merchandise usually kept by wholesale tobacconists, all of which contained in the second story and basement, brick, composition roof, building, situate on lot A of subdivision of lots 11 and 12, block 33, Lincoln, Nebraska," with each of

the plaintiffs in error for the sum of $2,000, said policies
to continue in force for one year. On the 17th of Febru-
ary, 1890, the stock of goods, then alleged to be of the
value of $6,500, was badly injured by fire, the loss claimed
being $5,000. After the loss the adjusters of both of the
insurance companies named appeared and examined the
goods, but seem to have failed to make an adjustment of
the loss, hence the defendant in error brought an action in
the district court of Lancaster county upon both policies.
The cases were tried together, and the jury returned a ver-
dict in favor of the defendant in error and against each
company for the sum of............................... $1,750 00
With interest at seven per cent.................... 140 87

                                                    $1,890 87

And a motion for a new trial having been overruled,
judgment was entered on the verdict.

Four errors are relied upon by the plaintiffs in error to
secure a reversal of the case. These will be noticed in
their order.

"1. That the plaintiff was not the real party in interest,
as he had assigned his interest in the goods."

The testimony shows that C. C. Burr, of Lincoln, had
befriended the defendant in error and among other things
had indorsed his notes for considerable sums at the First
National Bank of Lincoln. Burr seems to have asked
for no security, but the defendant in error, to protect him
from possible loss, assigned the policies with the assent of
the companies to him, "as his interest should appear," and
also executed a chattel mortgage on a part or all of his
goods to Burr to secure the same contingent liability.
There was no change of possession, and the defendant in
error paid the notes in question and released Burr from
liability thereon. He (Burr) was a witness on the stand
and disclaims any right, title, or interest in the goods in
question. It also appears that the defendant in error is

the only party who has any right or title to the property. The defendant in error, therefore, is the real party in interest, and the first error assigned is not well taken.

"2. That two conditions precedent were not complied with, viz., proof of loss and submission to arbitration."

The propositions are considered together in both briefs, but we will consider them separately.

1. The proof shows that both companies were notified of the loss immediately after it occurred; that an adjuster appeared and with the defendant in error took an account of the goods and personally saw and inspected the injured goods, and seems to have obtained a pretty accurate view of the condition of the stock before the fire.    The principal object of proof of loss is to obtain a correct statement from the owner of the property injured or destroyed, of the amount of the loss and the date of its occurrence. Other things are required in the proof, but they are subsidiary to the main statements.    If objections are made to the form of the proof they should be communicated to the insured and he should be required to make out a full statement; otherwise the objections will be unavailing.    A company may have notice from their own agent at a given point that a certain loss has occurred, and if it acts upon that information and sends an adjuster to estimate the amount of the same, etc., it is no doubt a waiver of proof.

We find the following letter in the record:

"OMAHA, NEB., 31st March, '90.

"*J. S. Barwick, Esq., Lincoln, Neb.*—DEAR SIR : I am in receipt of a paper containing a list of goods said to have been damaged by fire on February 17, 1890, which are alleged to have been insured under policy 1313 of the German-American Insurance Company, said paper being signed and sworn to by you.

"If we are correctly informed you parted completely with the title of all goods which may have been covered by any policy of ours on February 4, 1890, and have not

since become the owner of any such goods, consequently
we fail to recognize any liability towards you.

"Respectfully,          FRANCIS DANA,
                              "Special Agent."

In the case at bar the testimony shows that proof of
loss was made, to which no objections were taken, and it
is now too late.

2. The Union Insurance Company's policy contains this
provision: "The amount of sound value and of loss or
damage shall be determined by agreement between this
company and the assured, but if differences shall arise as
to the amount of any loss or damage, or as to any question,
matter, or thing, except the validity of the contract or the
liability of this company, concerning or arising out of this
insurance, every such difference shall, at the written re-
quest of either party, be submitted to competent and im-
partial persons, one to be chosen by each party, and the
two so chosen shall select an umpire to act with them in
case of their disagreement; and the award, in writing, of
any two of them shall be binding and conclusive as to
the amount of such loss or damage, or as to any question,
matter, or thing so submitted." There is no claim that
either party desired to arbitrate the matters in difference
between them, and hence the provision has no force. In
the German Insurance policy there is no provision for ar-
bitration. That provision, however, is inserted in a policy
for the purpose of having the amount of the loss adjusted
in an amicable manner, where, in fact, the insurance
company admits its liability, but is uncertain as to the
amount of the loss. If the company denies its liability for
the loss there would be nothing from its standpoint to ar-
bitrate. Hence, the rule does not apply where the com-
pany denies its liability. (*German-Am. Ins. Co. v. Etherton*,
25 Neb., 505.) In the case cited it was held that a pro-
vision of the kind named in a policy was void, the effect
being to oust the courts of their legitimate jurisdiction.
The second objection is not well taken.

3. The third error assigned is that the proofs of loss were not sufficient, and were for the court and not the jury to pass upon. We do not care to comment further upon the proofs of loss. They were sufficient to notify the companies and they acted upon such notice, but refused to pay the loss. If the proofs were defective the defects were waived.

4. The fourth error is in refusing to hold that the chattel mortgage referred to did not avoid the policy. It is now well settled that a mortgage of chattels, where there is no change of possession, will not avoid a policy of insurance.

In *Byers v. Farmers Ins. Co.*, 35 O. St., 606, the fifth point in the syllabus is as follows : " It was a condition of the policy, that ' if the property be sold or transferred, or any change take place in the title, either by legal process or otherwise, * * * without the consent of the company, the policy shall be void.' This condition was not broken by the execution of a mortgage on the property without such consent." (See, also, *Commercial Ins. Co. v. Spankneble*, 52 Ill., 53; *Aurora Fire Ins. Co. v. Eddy*, 55 Id., 213; May, Ins., sec. 269, and cases in note; *Quarrier v. Peabody Ins. Co.*, 27 Am. Rep., 582; *Bryan v. Traders Ins. Co.*, 145 Mass., 389.)

In *Hammel v. Queen's Ins. Co.*, 54 Wis., 72, 11 N. W. Rep., 351, it is said : " In *Strong v. Ins. Co.*, 10 Pick., 40, it was held that a condition in the policy which provided, ' that if the property should be sold or conveyed in whole or in part the policy should be void,' was not broken by a sale upon execution and that the provision in the policy referred only to voluntary assignments. (See, also, *Smith v. Putnam*, 3 Pick., 221; *Doe v. Carter*, 8 Term R., 57; *Stetson v. Ins. Co.*, 4 Mass., 330; *Franklin Ins. Co. v. Findley*, 6 Whart., 483; Wood, Ins., sec. 326; *Baley v. Ins. Co.*, 80 N. Y., 21; *Barlow v. Ins. Co.*, 63 Id., 399; *Commercial Ins. Co. v. Spankneble*, 52 Ill., 53; *Starkweather v. Ins. Co.*, 2 Abb.

[U. S. C. C.], 67.)   These cases and numerous others that might be cited seem to settle the question that the condition prohibiting a sale, transfer, or conveyance of the insured property is to be construed as limited to a voluntary transfer, and not to a sale or transfer made by adverse legal proceedings.   In all these and similar cases it is probable that if an adverse legal sale, transfer, or conveyance of the insured property had been made previous to the loss, so as to divest the insured of all right, title, or interest therein, no recovery could be had for want of an insurable interest in the policy-holder at the time of the loss."

It is also said (11 N. W. Rep., 355):  " In the following cases it is held that executory contracts for the sale of the insured property do not avoid the policy under similar conditions: *Ins. Co. v. Lawrence*, 4 Metc. [Ky.], 9 ; *Martin v. Ins. Co.*, 11 Barb. [N. Y.], 624 ; *Clinton v. Ins. Co.*, 45 N. Y., 454 ; *Phillips v. Ins. Co.*, 10 Cush., 350 ; *Hill v. Ins. Co.*, 59 Pa. St., 474 ; *Washington v. Ins. Co.*, 32 Md., 421 ; *Jackson v. Ins. Co.*, 16 B. Mon. [Ky.], 224 ; *Power v. Ins. Co.*, 19 La., 28 ; *Hutchinson v. Wright*, 25 Beav., 444.   The last case was a marine insurance, and before loss the assured transferred his interest to a third person by an absolute conveyance, and his vendee was entered as owner on the register ; but upon the trial it was proved that the transfer was in fact a mortgage.   The defendant insisted the policy was avoided under two provisions of the association.   The first was that if the ship was sold, the risk should cease from the date of the sale, unless notice was given to the secretary.   No notice of sale or mortgage either was given to the secretary.   The other provision was, ' that no vessel which is mortgaged shall be insured, unless the mortgagee give a written guarantee,' etc.   No such guarantee had been given.   It was held the plaintiff could recover, notwithstanding the form of his conveyance, upon proof that it was intended as a mortgage in fact ; and, second, that the mortgage given after the in-

surance was not a violation of the second provision. It seems to us that the words used in the condition in this policy clearly look to such a sale, transfer, or alienation as passes the title and carries with it the right of possession. Such is the definition of the words 'sold,' 'transferred,' 'alienated'; and, if they are made to include a sale upon execution, it is by giving them a meaning which they do not ordinarily receive. The added words, 'change in the title or possession,' do not extend the meaning. It is the title to the estate which is to be changed, not a mere right which may or may not ripen into a change of title." These cases and many others which might be cited show that a mere security does not transfer the title and defeat a recovery for loss. The fourth point, therefore, is not well taken.

5. The fifth error assigned is in giving the fourth paragraph of the instruction, which is as follows: "You are instructed that the insurance policies issued by defendants to plaintiff constitute contracts in writing between the insurer and insured, equally binding upon each party to the agreement; and if it appears that either party to the agreement has failed to comply with the terms thereof in any material part, then the party so failing cannot insist upon the performance of the agreement by the other party, unless you should further find that compliance with the agreement on the part of the party failing had been waived by the other party." It must be confessed that the particular object of this instruction is not apparent. It seems to be an indirect mode of saying to the jury that if they found that the plaintiff below had not complied with the conditions of the policy in any respect, then he could not recover. It is evidently directed at the plaintiff below, and was prejudicial to him, and the attorney for the companies does not contend that it was prejudicial to them. The other instructions are not objected to, and are presumed to be correct. Upon the whole case it is apparent that the plaintiff below is entitled to recover, and no real

defense has been shown to the action. A contract of fire insurance is one of indemnity in case of loss or damage by fire. Like any other contract, it should be sustained if possible. Where there has been an actual loss without fault of the accused it should be adjusted and paid with reasonable promptness. That is the contract; and there is no justice in contending in court for years against a just claim in order to secure a compromise or diminution in the amount. There is nothing in this record that tends to impeach the good faith of the defendant in error, and so far as appears his claim is just. The judgment is

                                                      AFFIRMED.

THE other judges concur.