FARMERS' & MERCHANTS' INS. CO. v. CUFF.

No. 837.   Opinion Filed May 9, 1911.

Rehearing Denied June 27, 1911.

(116 Pac. 435.)

1.   APPEAL AND ERROR—Review—Discretion of Court—Setting Aside Judgment. A case having been regularly assigned for trial and being duly reached on call, the defendant failing to appear either by counsel or otherwise, the plaintiff appearing, the cause

was regularly submitted and judgment rendered thereon. Within due time defendant's counsel filed a motion to set aside the judgment, setting up facts that in law would excuse him for failing to appear. These facts were controverted, both by oral evidence and affidavits, on the hearing of said motion. The court found against the defendant and overruled said motion. **Held,** that the court having found against said defendant and exercising his discretion denied said motion, his action will not be disturbed on review here, unless it appears that he abused such discretion.

2. **INSURANCE—**Construction of Fire Policy—Damages—Loss by Theft. Damages resulting from efforts made in good faith to save property from a fire, by breakage, removal, water, or from loss by theft consequent thereto, are within the loss covered by a policy against damage by fire.

    (a) The loss by theft must be one of the consequences of the fire.

    (b) If the loss by theft be expressly excluded by a stipulation in the policy, there can be no recovery for such item.

3. **APPEAL AND ERROR—**Modification of Judgment. Where it appears from the pleadings and the record that an item has been included in the judgment, which is separable, the cause will not be remanded, but as modified judgment will be rendered here.

4. **JURY—**Waiver—Failure of Party to Appear. A certain cause having been assigned and regularly reached on call for trial, the plaintiff appearing, but the defendant failing to appear, constituted a waiver of trial by jury by said defendant; and, the plaintiff having waived of record a jury trial, said cause was properly triable by the court.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; W. N. Maben, Judge.*

Action by J. J. Cuff against the Farmers' & Merchants' Insurance Company. Judgment for plaintiff and defendant brings error. Modified and affirmed.

*C. W. Stringer,* for plaintiff in error.

*P. O. Cassidy* and *W. M. Engart,* for defendant in error.

WILLIAMS, J. This action was commenced by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, in the district court of Pottawatomie county, territory of Oklahoma, on the 5th day of June, 1907, to recover the sum of $1,000 on a certain fire insurance policy issued to plaintiff by

defendant on his stock of hats, caps, shoes, clothing, and gents' furnishing goods. Said damage is alleged to have been caused on the 18th day of December, 1906, on account of a fire originating in a building about half a block from the building in which plaintiff's goods were located, and that the damage or loss resulted from the removal of said goods from said building under reasonable apprehension of damage or loss from said fire.

The defendant answered on the 18th day of June, 1907, admitting that the plaintiff owned a stock of goods as alleged in said petition, and the issuance of said policy in said amount, and that other companies, to wit, the Columbia Fire Insurance Company and the National Fire Insurance Company, each carried thereon a policy in the sum of $1,000, and the German-American Insurance Company of New York a policy of $250. It further admitted that plaintiff moved a portion of said goods from said building, but specifically denied that said goods were covered by said policy of insurance, or in any manner or any way were injured by said fire, or that, in order to save said stock of goods from said fire, it was necessary to move same from said building, and denied that in removing same they were damaged as alleged, or in any sum, and further denied that plaintiff had performed on his part all the conditions contained in said policy.

Defendant further alleged that it is provided in said policy that the insurers should not be liable for any loss, directly or indirectly, by theft, and that, after the said plaintiff had removed a portion of said stock of goods from the building in which the same were insured, a portion of said stock of goods, the amount of which was unknown to the defendant, was stolen by parties unknown to the defendant. It appears from the pleadings that the goods stolen amounted to $318.99. It is further pleaded that said policy stipulates as follows:

"In the event of a disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent, and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound

value and damage, and failing to agree, shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of the loss; the parties thereto shall pay the appraiser respectively selected by them, and shall bear equally the expense of the appraiser and umpire."

The defendant averred that there was a disagreement between the insured and the insurer as to the amount of loss and damage under said policy, but that the plaintiff failed to comply with the terms of said provision. Defendant further denied each and every allegation of plaintiff's petition.

Plaintiff replied by way of general denial. The case was regularly assigned on the calendar for trial. When said cause was reached, the plaintiff appeared in person and by counsel, but the defendant failed to appear in any capacity whatever. A jury was waived by the plaintiff and the cause tried before the court, who rendered judgment in favor of the plaintiff in the sum of $880.

In due time defendant filed a motion to set aside the judgment, and for a new trial, on the following grounds, to wit: (1) The court erred in trying said cause and rendering judgment in the absence of counsel for defendant. (2) The court erred in the assessment of the amount of the recovery. (3) Insufficient evidence to support the judgment. (4) Defendant had a valid and legal and equitable defense, on the ground that the damages or loss had never been ascertained by appraisement, as provided by said policy. (5) The court erred in trying a jury case without the intervention of a jury, the same not having been waived by the defendant.

As to the question of the trial of the case in the absence of counsel for the defendant, affidavits and oral evidence were heard pro and con by the trial court. The same were conflicting, and, that issue of fact having been determined against the defendant (plaintiff in error) by the trial court, the same will not be disturbed on review, unless his discretion relative thereto has been abused. *Winsor v. Goddard et al.,* 15 Kan. (2d Ed. 97) 118; *Mehnert et al. v. Thieme, Adm'x,* 15 Kan. 368; *Garner v. Er-*

*langer,* 86 Cal. 60, 24 Pac. 805; *Williamson v. Cummings Rock Drill Co.,* 95 Cal. 652, 30 Pac. 762.

As to the contention of the defendant (plaintiff in error) that the arbitration provision contained in the policy was a condition precedent to a right to bring action thereon, that was an issue presented by the pleadings, and the finding that "the defendant is liable to and indebted to the plaintiff on the said contract of insurance in the sum of $880," together with the other special findings in the journal entry, concludes that issue against the defendant (plaintiff in error). No error relative thereto appears of record. The defendant having failed to appear or make any appearance by attorney or otherwise, at the time of the trial, and the question as to whether the judgment should be set aside and the defendant permitted to retry the issue as to whether the provision as to arbitration as a condition precedent precluded a recovery on the part of the plaintiff, having been determined against the defendant by the trial court in denying the motion for a new trial, the same will not be set aside on review by this court, unless such discretion has been abused. It does not so appear. However, the defendant denied liability in this case, and there is abundant authority to the effect that, where a provision for arbitration is inserted in the policy for the purpose of having the amount of the loss adjusted, if the company denies liability in the premises, there is nothing to arbitrate. 2 Beach on Law of Ins. § 1244 (1895); *Union Ins. Co. of Cal. v. Barwick,* 36 Neb. 223, 54 N. W. 519; *German-American Ins. Co. v. Etherton,* 25 Neb. 505, 41 N. W. 406; *Phoenix Ins. Co. v. Badger,* 53 Wis. 283, 10 N. W. 504; *Lasher et al. v. Northwestern Nat. Ins. Co.,* 18 Hun (N. Y.) 98; *Mentz v. Armenia Fire Ins. Co.,* 79 Pa. 478, 21 Am. Rep. 80; *Capitol Ins. Co. v. Wallace,* 48 Kan. 400, 29 Pac. 755; *Wallace v. German-American Ins. Co.* (C. C.) 4 McCrary, 123, 41 Fed. 742.

Section 3199, Wilson's Revised & Annotated Statutes, 1903, provides:

"All insurance companies issuing policies in this territory shall be required to pay in case of total loss, the full amount, and

in case of partial loss, shall be required to pay the amount of loss so sustained, for which the property is insured: Provided, however, that no policy shall be issued which shall contain a sum greater than seventy-five per cent. of the value of the property insured."

This statute was in force in the territory of Oklahoma at the time of the issuance of the policy herein sued on, and also at the time it is alleged that the loss occurred, and was extended in force in the state by virtue of section 2 of the Schedule to the Constitution. However, it seems to have been repealed by the insurance act of March 25, 1909 (Sess. Laws 1909, c. 21, art. 2). The rights of the parties under such policy are to be determined as the law existed at the time the right accrued.

Damages resulting from efforts made in good faith to save property from a fire, by water, or breakage, or removal, or loss by theft consequent thereto, are within the loss covered by the policy against damage by fire. *Talamon v. Home & Citizens' Mut. Ins. Co.,* 16 La. Ann. 426; *White v. Republic Fire Ins. Co.,* 57 Me. 91, 2 Am. Rep. 22; *Witherell v. Maine Ins. Co.,* 49 Me. 200; *Lewis v. Springfield Fire & Marine Ins. Co.,* 10 Gray (Mass.) 159; *Whitehurst v. Fayeteville Mutual Ins. Co.,* 51 N. C. 352; *Stanley v. Western Ins. Co.,* 3 L. R. (Exch. Cases) 71; *Thompson v. Insurance Co.,* 6 U. C. (Q. B.) 319. The loss by theft must be one of the consequences of the fire. *Newmark v. L. L. & L. Fire & Life Ins. Co.,* 30 Mo. 160, 77 Am. Dec. 608. But if loss by theft be expressly excluded, there can be no recovery, even though by the terms of the policy the company is not to be liable at all, unless the insured used all due diligence in the removal and preservation of the property. *Webb v. Protection Ins. Co.,* 14 Mo. 3; *Fernandez v. Merchants' Mut. Ins. Co.,* 17 La. Ann. 131; *Liverpool L. & G. Ins. Co. v. Creighton,* 51 Ga. 95.

Deducting the sum of $318.99, the amount appearing to be the value of the goods lost or stolen, from the sum of $2,161.44, the total damages, leaves $1,842.45. There being $3,250 insurance on said stock of goods, the amount of defendant's liability would be its *pro rata* part of said loss, which is $813.05.

As to the waiving of the jury by the plaintiff, the defendant having failed to appear, that was permissible. Section 20 of article 7 of the Constitution of this state provides that:

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury, in which case the finding of the judge upon the facts shall have the force and effect of a verdict by jury."

Section 5808, Compiled Laws of Oklahoma, 1909, provides that the trial by jury may be waived by the consent of the parties appearing, when the other party fails to appear at the trial by himself or attorney; by written consent, in person or by attorney, filed with the clerk; by oral consent, in open court, entered on the journal. This statute was in force in the territory of Oklahoma (section 4476, Wilson's Rev. & Ann. St. 1903; section 4179, Stat. O. T. 1893), and was brought over by virtue of Schedule 2 of the Constitution, if it was not repugnant to any provision thereof. Said provision seems to be supplementary to said section 20 of article 7, *supra,* as to its enforcement, and not to be repugnant thereto. *State ex rel. Armfield v. Brown et al.,* 70 N. C. 27; *Hahn v. Brinson,* 133 N. C. 7, 45 S. E. 359; *Farmers' National Bank of Tecumseh v. McCall,* 25 Okla. 600, 106 Pac. 866, 26 L. R. A. (N. S.) 217. We conclude that after the case was regularly reached for trial, the defendant having failed to appear, it was permissible for the plaintiff to waive a trial by jury and submit all issues to the court for determination.

The judgment of the lower court will be so modified as to reduce the amount thereof from $880 to $813.05. In all other respects it is affirmed. Let the costs be divided between the parties hereto.

All the Justices concur.