**PRINCESS GARMENT CO. et al. v. FIRE-MAN'S FUND INS. CO. OF SAN FRANCISCO, CAL.**

No. 8350.

Circuit Court of Appeals, Sixth Circuit.

Nov. 13, 1940.

Murray Seasongood and Lester A. Jaffe, both of Cincinnati, Ohio (Joseph A. Segal, and Paxton & Seasongood, all of Cincinnati, Ohio, on the brief), for appellants.

Robert J. Folonie, of Chicago, Ill. (J. Louis Kohl, of Cincinnati, Ohio, on the brief), for appellee.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

HAMILTON, Circuit Judge.

This is an appeal from a judgment on a jury directed verdict in an action of appellants on a fire insurance policy.

On November 6, 1935, appellee, in consideration of a premium paid it by appellants, executed and delivered to them a fire insurance policy in the principal sum of $290,000, whereby it insured them against all direct loss or damage by fire, with the exception that the insurer "shall not be liable for loss caused directly or indirectly by invasion * * * or by order of any civil authority" on all the contents belonging to appellants, or in their possession, custody or control while contained in various buildings situated at 3301–3321 Colerain Avenue, Cincinnati, Ohio.

On December 8, 1936, appellee modified its policy by rider to cover "loss or damage by fire caused by order of military or civil authority exercised to prevent the spread of fire."

Prior to January 24, 1937, the Ohio River at Cincinnati, Ohio, overflowed its banks and entered the premises covered by the above policy and while appellants' employees were removing the contents of these buildings to higher floors for protection against the flood, a gasoline tank was torn from its moorings by the flood waters and exploded, causing a fire to break out at Spring Grove Avenue and Arlington Streets, Cincinnati, five hundred yards from these buildings. At the time, a large portion of Mill Creek Valley, in which appellants' buildings and the gasoline tank were located, was covered by flood waters on which a great quantity of gasoline and oil that had escaped from this and other tanks was floating. The fire spread rapidly in the direction of appellants' buildings and became a conflagration which threatened to engulf the whole area. It ignited many buildings and all the property in the Mill Creek Valley was in imminent danger. Appellants' property was in the path of the fire and the building adjoining it on the west and within fifty feet was ignited.

At the time the fire started, the flood waters were within sixty feet of Colerain Avenue, where appellants' property was located. About eighteen or twenty inches of water was in the basement where the merchandise claimed to be damaged was

stored and twenty-five or thirty-five of appellants' employees were engaged in moving the goods to higher floors out of its reach as it was constantly rising. At the time the fire started, none of the goods had been damaged but all of them were steadily and successfully being kept out of reach of the water.

Shortly after the outbreak of the fire, and while appellants' employees were engaged in moving the merchandise, members of the Police and Fire Departments entered the building and informed the employees that it was in imminent danger of catching fire and ordered all persons to leave the premises immediately; that it might be necessary to dynamite the building. The employees left immediately and a cordon of police was formed around the vicinity and no one allowed to enter the buildings except two officers of appellants' company for the purpose of removing valuable records which required only a brief period.

During the time appellants' officers and employees were excluded from the building, the water rose about five feet and damaged the merchandise in an amount claimed by appellants to be $108,571.48.

The fire was checked and never reached appellants' property and the property was in no way directly damaged by it or by the use of water to check the fire. Appellants' loss was caused by the flood waters of the river which would have been avoided if its employees had not been ejected from the premises.

The lower court held the loss alleged did not arise from a cause contemplated by the policy, but was a remote consequence of the fire not necessarily arising from it; that the direct loss was from the flood waters of the river.

The single question presented is whether there was substantial evidence requiring submission of the tendered issue to the jury.

Insurance contracts must be construed according to the intention of the parties gathered from the language used considered in the light of the surrounding circumstances and to carry out the object and purpose the parties sought to accomplish by entering into them. West, Morris and Gorrill v. Citizens Insurance Company, 27 Ohio St. 1, 22 Am.Rep. 294; German Fire Insurance Co. v. Roost, 55 Ohio St. 581, 45 N.E. 1097, 36 L.R.A. 236, 60 Am.St.Rep. 711.

In suits on such contracts it is assumed that it was the intention of the insurer to indemnify the insured against losses where the cause insured against was the proximate or immediate means or agency causing the loss, but to render a fire the immediate or proximate cause of the loss or damage, it is not absolutely necessary that any part of the insured property should be actually ignited or consumed by fire. Russell v. German Fire Ins. Co., 100 Minn. 528, 111 N.W. 400, 10 L.R.A.,N.S., 326; Automobile Ins. Co. v. Thomas, 153 Md. 253, 138 A. 33, 53 A.L.R. 669; Farmers' & Merchants' Ins. Co. v. Cuff, 29 Okl. 106, 116 P. 435, 35 L.R.A., N.S., 892; Leiber v. Liverpool L. & G. Ins. Co., 6 Bush., Ky., 639, 99 Am.Dec. 695; Cook v. Continental Ins. Co., 220 Ala. 162, 124 So. 239, 65 A.L.R. 921; Queen Ins. Co. v. Patterson Drug Co., 73 Fla. 665, 74 So. 807, L.R.A.1917D, 1091; New York & Boston Despatch Express Co. v. Traders' & Mechanics' Ins. Co., 132 Mass. 377, 42 Am.Rep. 440.

It is sufficient to constitute loss or damage by fire when there is an actual fire which becomes uncontrollable or breaks out from where it was intended to be and becomes a hostile element and, as a direct proximate result thereof, loss or damage occurs. The present policy insured against all direct loss or damage by fire and, by the rider later attached, removed an exception originally written into it and extended the coverage to "loss or damage by fire caused by order of military or civil authority exercised to prevent the spread of fire."

The phrase "civil authority" as used in the policy should be construed to carry out its purpose. It is to the interest of insurers to enlarge the good faith efforts of public agencies to prevent the spread of fires. The phrase includes civil officers in whom a portion of the sovereignty is vested and in whom the enforcement of municipal regulations or the control of the general interest of society is confided for the prevention of destruction by fire. Policemen and firemen are civil authorities within the meaning of the language of the present policy. Cook v. Continental Insurance Company, supra; City Fire Insurance Company of New York v. Corlies, 21 Wend., N.Y., 367, 34 Am.Dec. 258.

When determining the question of loss under a fire insurance policy, the di-

rect and not the remote cause is peculiarly applicable. The loss must be proximately caused by a peril insured against. Where fire is a remote cause of loss, it is beyond the pale of the contract, because such contracts are the agreements of ordinary business men seeking protection against ordinary perils from fire. Bird v. St. Paul Fire & Marine Insurance Co., 224 N.Y. 47, 120 N.E. 86, 13 A.L.R. 875.

It is often difficult to separate the proximate from the remote cause but when there are successive causes, each sufficient, acting independently, to produce an effect such as to cause a loss the one last operating on the event is the proximate one, but when there is no order of succession in time and there are two or more concurrent causes of loss, the predominating efficient one must be regarded as proximate regardless of the position of the event as to time. The cause which set the other in motion and clothed it with the power to harm at the time of the disaster must rank as predominant. Howard Fire Insurance Company v. Norwich & New York Transportation Co., 12 Wall. 194, 199, 79 U.S. 194, 199, 20 L.Ed. 378; Wymer-Harris Construction Company v. Glass, 122 Ohio St. 398, 171 N.E. 857, 69 A.L.R. 517.

Applying these general statements to the contentions of appellee, it insists that appellants' goods were injured solely by the rising waters and therefore the flood, and not the fire, was the proximate cause of the loss. Undoubtedly the flood waters alone, as shown by subsequent events, damaged the goods and had that been the only cause operating, the appellants would not be entitled to recover because the insurance was against fire only, but if means and appliances were at hand by which the flood damage could have been avoided and the intervention of the new agency, i. e., the fire which caused the act of the civil authority to prevent its contemplated spread, prohibited their use, then the fire which caused the act of the civil authority was the proximate cause of the loss. A new element was added which rendered it impossible to control or prevent the consequences naturally following from the rising flood.

Applying the rule that the phrase "all direct loss or damage by fire" or "loss or damage by fire caused by order of civil authority" is not restricted to fire on the premises and that a loss will be held to be within such policies where a fire was a means or agency in causing it, we are of the opinion that there is substantial evidence in the record that the proximate cause of the loss complained of was the fire in question.

The Supreme Court of the State of Ohio has not yet passed directly upon the questions here presented and we have applied the rule that this court will exercise an independent judgment in determining the law with respect to the issues here presented based upon whatever principles of state law are applicable. Burns Mortgage Co. v. Fried, 292 U.S. 487, 496, 54 S.Ct. 813, 78 L.Ed. 1380.

What is the proximate cause of a loss is usually a question for the jury determined as a fact in view of the circumstances attending it.

Viewing appellants' testimony in the most favorable light, the question of the proximate cause of their loss was for the jury. Milwaukee & St. Paul Railway Company v. Kellogg, 94 U.S. 469, 474, 24 L.Ed. 256.

Judgment reversed and cause remanded for proceedings consistent with this opinion.