Josiah Baker, Respondent, v. The Phœnix Assurance Company, of London, Appellant.

Kansas City Court of Appeals, April 9, 1894.

1. **Insurance**: VALUED POLICY: CONSTRUCTION OF STATUTE. Under section 5897, Revised Statutes, 1889, if the property covered by a policy of insurance shall be wholly destroyed, the amount written in the policy shall be taken conclusively to be the true value of the property and the true amount of the loss and the measure of damages; and though other means are provided therein for ascertaining the amount of the loss and damage, yet when the destruction is total, the statute will be given controlling effect, even though it should subvert provisions of the policy in this respect.

2. ——: ——: ARBITRATION USELESS. Under the statute, in a case of total loss, an agreement to arbitrate the amount of such loss is an agreement to arbitrate a matter which the statute itself had determined and fixed at the very instance of the total destruction and is *nudum pactum*, having no consideration for its support.

3. **Equity:** AGREEMENT TO ARBITRATE INSURANCE LOSS. An agreement to arbitrate the damages for total loss under an assurance policy is a mere gratuity, binds no one, and a court of equity will neither carry it into execution nor abrogate it.

#### OF MOTION FOR REHEARING.

4. ———: ———: STATUTES OF 1879 AND 1889. The difference between section 5937, Revised Statutes, 1889, and section 6009, of the revision of 1879, is that the former statute in case of total loss prescribes that the measure of damages shall be the amount for which the property was insured less whatever depreciation the property may have sustained between the time of issuing the policy and the time of loss, and it is *held* that the amount written in the policy shall be taken conclusively to be the true value of the property when insured and the measure of damages for the loss sustained, unless the insurance company should show the depreciation provided in the exception.

5. ———: ———: ARBITRATORS, RULE FOR. Under the statute, in case of total loss, the only question for a jury or arbitrators is, whether there has been any depreciation of the property when tested by the rule embraced within the statutory exception; and when arbitrators appear in their report to have followed a different rule as that they took into consideration the age, condition and location of the premises previous to the fire, they act in plain contravention of the statute and their award is nothing.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*G. W. Barnett* and *Fyke, Yates & Fyke* for appellant.

(1) Under the petition, there being but one count, the only question that could properly be submitted to the court was as to whether or not the appraisal should be set aside; and the court properly held that the evidence should be confined to that issue. *McHoney v. Ins. Co.*, 44 Mo. App. 426; *Steinberg v. Ins. Co.*, 49 Mo. App. 255, 265; *McHoney v. Ins. Co.*, 52 Mo. App. 94; *Ice Co. v. Ins. Co.*, 31 Barb. (N. Y.) 72. (2) Plaintiff's evidence failed to show any fraud in the

selection of defendant's appraiser or in his conduct after he was selected. (3) Even if the loss had been a total loss, assured having voluntarily entered into an agreement to submit the amount thereof to appraisers after the loss occurred, and the appraisers having duly qualified and rendered an appraisal in writing, the assured is bound thereby. Sec. 5897, Revised Statutes, 1889. *Gallee v. Ins. Co.*, 44 Mo. 530. (4) Defendant's demurrer to the evidence was properly sustained by the court and the court therefore erred in sustaining plaintiff's motion for a new trial.

*Boyd & Murrell* for respondents.

(1) If it be conceded that the petition shows two causes of action improperly joined in the same count, then the court erred in confining the evidence to only one cause and excluding as to the other. There was no motion to strike out, or to elect, and no demurrer, and the answer is a simple general denial; and that objection to the petition was therefore waived. See Gen. Stat., secs. 2043, 2047; *Spurlock v. Railroad*, 93 Mo. 537, 538; *Rogers v. Tucker*, 94 Mo. 346; *Hammons v. Renfro*, 84 Mo. 332; *House v. Lowell*, 45 Mo. 381; McQuillin's Plead. and Prac., sec. 346. (2) The petition cannot be regarded as a petition in equity, to set aside an award. Because the allegations of the petition that the loss was a total loss was of itself a declaration that the award was absolutely void, not voidable merely. No action of the court was necessary to set it aside. The loss being a total loss, there was nothing to arbitrate, no consideration for an arbitration, and the award was absolutely void. See *Ampleman v. Ins. Co.*, 35 Mo. App. 313, 314; *Barnard v. Ins. Co.*, 38 Mo. App. 106. The case of *Zallie v. Ins. Co.*, 44 Mo. 530, has no application here.

SMITH, P. J.—This is an action on a fire insurance policy. It is rather difficult to determine from the petition, which is too lengthy to be here set forth, whether the plaintiff intended to state a cause of action at law or in equity. It sets forth the policy according to its legal effect, states the property covered by it was totally destroyed by fire; that notice of the loss was given followed by proofs thereof as required by the policy, etc. There is a prayer for judgment for the amount of the policy.

There are also inserted in the petition several allegations to the effect that after the fire the plaintiff and the defendant in pursuance of the policy entered into an agreement in writing for the appointment of arbitrators "to estimate and appraise" the damages the plaintiff had sustained by reason of the fire. It is further charged that the arbitrators were appointed under said agreement, but that they did not act fairly and impartially, and that their estimate and appraisement was fraudulent. There is also a prayer to have the action of the arbitrators set aside, etc.

There was a trial before the court where evidence was adduced by the plaintiff tending to show a total loss of the property covered by the policy. There also was some evidence offered to prove the allegations of his petition, other than those in respect to the fraud in the action of the arbitrators in making the award, to which defendant objected, on the ground that the plaintiff could not recover on the policy until the award should be set aside, and which objections were by the court sustained.

The plaintiff introduced some evidence to sustain the charge of fraud alleged in his petition. At the close of the evidence on this branch of his case, the defendant interposed a demurrer thereto, which was

also sustained by the court and judgment given for defendant.

It seems to us from an examination of the evidence that it was insufficient to sustain the charge of fraud preferred against the arbitrators. Now, if it be conceded that the charge of fraud was unproven, still was not the plaintiff entitled to prove, if he could, the allegations of defendant's liability on the policy, notwithstanding there was no evidence to justify the disturbance of the award? We think so. The statute provides that when property covered by a policy of insurance shall be wholly destroyed the amount written in the policy shall be taken conclusively to be the true value of the property when insured and the true amount of the loss and the measure of damages when destroyed. R. S., sec. 5897. And so it has been ruled that even though there should be other means provided in a policy for ascertaining the amount of the loss and damage, when the destruction of the property is total, the statute will be given controlling effect even though it should subvert the provisions of the policy in this respect. *Barnard v. Insurance Co.*, 38 Mo. App. 106, and cases there cited. A different rule is provided in section 5898 on cases of partial loss. The statute is exclusive in prescribing the measure of the loss and damage the assured is entitled to recover under the policy in such case.

The agreement therefore entered into by the plaintiff to arbitrate a matter which the statute itself had determined and fixed the very instant the total destruction of the property covered by the policy took place, was *nudum pactum*—having no consideration for its support. There was no benefit or advantage flowing to plaintiff or harm or disadvantage to defendant on account of entering into the agreement. It was a mere gratuity as far as plaintiff was concerned and

bound no one.

A court of equity will not carry into execution nor abrogate such an agreement. Story's Eq. Juris., sec. 787. The agreement and the acts of the arbitrators done under its provisions being manifestly void there was nothing for a court of equity to do. *Ohnsorg v. Turner*, 13 Mo. App. 533; *Holland v. Johnson*, 80 Mo. 34. The allegations of the petition, therefore, in respect to the fraud, were "useless cumberers of the ground"—mere surplusage. They should have been stricken from the petition, or else no evidence received in their support.

After discarding such surplusage, the allegations remaining sufficiently stated a cause of action at law on the policy. The trial court erred in its action refusing to permit plaintiff to adduce evidence tending to prove such allegations. But it committed no error in setting aside its finding and judgment and granting a new trial of the cause.

The plaintiff was entitled to a trial of the issues made by the pleadings which the court through inadvertence had denied him, so that it results that its order to that end must be affirmed. All concur.

## ON MOTION FOR REHEARING.

SMITH, P. J.—The fact that this action arose under, and is governed by, the provisions of section 5987, Revised Statutes, 1889, instead of those of section 6009 of the revision of 1879, was, through inadvertence, overlooked by us in the consideration of the questions which were presented for decision. The former provides that in suits on fire insurance policies an insurance company shall not be permitted to deny that the property insured thereby was worth, at the time of the issuing of the policy, the full amount insured therein

on the property; and in case of total loss "the measure of damages shall be the amount for which the same was insured, less whatever depreciation in value below the amount for which the property .is insured, the property may have sustained between the time of issuing the policy and the time of the loss." In case of total loss under this section the amount of the insurance written in the policy shall be taken conclusively to be the true value of the property when insured. The two sections, in effect, would be the same were it not for the exception engrafted on the former which we have just quoted. When the insurance company does not show the depreciation provided in the exception, the amount of the insurance written in the policy will be taken conclusively to be the true value of the property when insured, and the measure of damages for the loss sustained as was the case under the latter section.

The only question which could have been submitted to a jury or to the arbitrators under the pleadings, was whether there was any depreciation of the property when tested by the rule embraced within the exception. This was the only matter which was properly the subject of arbitration.

It appears, however, that the arbitrators adopted a rule for the admeasurement of the damages other than that of the statute, for their report shows that they took "into consideration the age, condition and location of the premises previous to the fire." This is the very thing the statute impliedly forbids. They acted in plain contravention of the statutory rule. Upon its very face the award was nothing. It bound no one; and whether one section or the other of the statute applied the result is the same.