CHARLES MURPHY, Respondent, v. NEW YORK BOWERY FIRE INSURANCE COMPANY OF NEW YORK, Appellant.

St. Louis Court of Appeals, May 14, 1895.

1. **Practice, Appellate**: MATTER OF EXCEPTION: MOTION FOR JUDGMENT ON PLEADINGS. The overruling of a motion for judgment on the pleadings is matter of exception, and, therefore, will not be reviewed on appeal when no complaint is made thereof in the motion for new trial.

2. **Insurance Fire**: WAIVER OF CONDITIONS. *Held*, in the course of discussion, that a condition in a fire insurance policy against other insurance may be waived by an agent with requisite authority, although a requirement of the policy for the indorsement thereon of such waivers is not complied with.

3. ———: TOTAL LOSS OF BUILDING : RIGHT OF INSURER TO REBUILD. *Quære,* whether a provision of a fire insurance policy which covers a building, and reserves to the insurer the right to rebuild if a loss should occur, is not unenforceable in the case of a total loss because opposed to the statute fixing the measure of the damages in such a case.

4. ———: ———: REQUIREMENT OF POLICY FOR PLANS AND SPECIFICA- TIONS OF BUILDING. The failure of the insured to comply with a requirement of such policy for plans and specifications for the build- ing as part of his proofs of loss will not defeat his right of recovery, if it is evident that the company issuing the policy could not rebuild with advantage; and such is held to be the case, when the insurance contracted for by such policy is but a small fractional part both of the aggregate insurance and of the probable actual loss.

5. ———: MILL AND MACHINERY. Insurance of a mill and machinery therein against fire is within the purview of the statute fixing the measure of damages in the case of a total loss.

*Appeal from the Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*Chester H. Krum* for appellant.

*W. H. Murphy* and *Charles H. Shubert* for re- spondent.

BOND, J.—Plaintiff recovered judgment for the amount of a policy of insurance on his flouring mill and machinery issued by defendant, from which this appeal is taken.

On the trial it was conceded that the loss was total; that it occurred on the fifteenth of March, 1893, and that due notice and proofs of loss were forwarded to the defendant. This suit was begun July 28, 1894. About April, 1894, plaintiff tendered defendant verified plans of the property destroyed, which were refused as having been offered too late. Plaintiff carried concur- rent insurance on the property, secured through the

same agent who effected the same insurance for defendant.

The first error assigned is the overruling of defendant's motion for judgment on the pleadings, based upon the statements of plaintiff's reply, alleging a waiver on the part of defendant of the policy provision against additional insurance which had been set up in defendant's answer. After this adverse ruling, defendant went to trial on the issues joined. No complaint of said ruling is made in the motion for new trial. The action of the court below in overruling such motion was matter of exception, and is not, therefore, properly before us for review. However, it seems to have been correct, since the averments of waiver contained in plaintiff's reply were sufficient to overcome the defense set up in the answer. The rule is that such waiver may be made by an agent with requisite authority, although the policy in terms requires it to be indorsed upon it or added thereto. *Hamilton v. Insurance Company*, 94 Mo. 355; *Hanna v. Insurance Company*, 56 Mo. App. 582. The first assignment of error is, therefore, overruled.

It is next complained that the trial court erred in holding that under the present statutes a failure to furnish verified plans, stipulated for in a policy of insurance on real estate, did not work a forfeiture. Revised Statutes, 1889, sections 5897, 5898. The flouring mill and machinery covered by the policy sued on in this case were real estate. *Havens v. Insurance Company*, 27 S. W. Rep. 718.

The policy sued on was issued March 14, 1893. Sections 5897 and 5898 of the Revised Statutes of 1889, in force when said policy was issued, provide that, in all suits upon fire insurance policies covering real estate, the defendant shall not be permitted to deny that the

property insured was worth at the time of insurance the amount insured, that the measure of damage, in case of total loss, shall be the amount for which the same was insured, and that such shall be the rule even if the property is insured by several policies, the measure of damages in the latter event to be the aggregate of the several amounts for which the property was insured at the date when the policy sued on was issued. The total insurance on the property in the case at bar was $9,500. It was conceded by the defendant upon the trial that the loss was total. The proofs of loss stated the value of the property destroyed at $13,500.

It must be noted, in this connection, that there is a marked change from the statute of 1879 to that of 1889. The former provided that the company might either pay the amount written in the policy in cash, or rebuild and restore such building to its original condition as to value, size, plan and general finish; whereas the statute of 1889 fixes the measure of damages absolutely at the amount insured. Aside from the statute, the insurer is bound to pay the loss in money, and can not reinstate the building unless provision is made therefor in the policy. *Wallace v. Insurance Company*, 4 La. 289; *Sennett v. Insurance Company*, 37 Pa. St. 205. We have serious doubts whether insurance companies in this state could rebuild even in case such a right was reserved in the policy, because such reservation fixes a different measure of damages from the one fixed by the statute. However that may be, it is evident that the present defendant, notwithstanding the clause in the policy, was not in a position to exercise that right even if it existed. The defendant carried less than one fourth of the aggregate insurance, and less than one sixth of the probable total loss, and it would be absurd to maintain that it was injured by

not being furnished an opportunity to exercise its option to rebuild, when the cost of the restoration of the premises would have been, in any event, more than fourfold of the loss which it is now required to pay. There is no fraud claimed in this fire. The loss is admitted to be total, and the furnishing of detailed plans could have no other possible object than to enable the company to determine whether it would exercise its option to rebuild or not. As it is doubtful whether it had such option, under the statute, in any event, and, as it is evident that it never could have exercised the option advantageously, no reason is apparent why the plaintiff should be defeated simply because he failed to furnish detailed plans and specifications of the building as part of his proofs of loss. *Havens v. Insurance Company, supra.*

The case was tried by the court without the intervention of a jury. The court made a declaration of law, in which it stated that the clause contained in the policy as to furnishing plans was nugatory, since there was no stipulation in the policy giving the defendant a right to rebuild. This declaration rests on erroneous premises, as the policy does contain such a stipulation and it was the duty of the court to construe the instrument. This mistake on the part of the court, however, can not be assigned for error, as under the views above taken it in no way affects plaintiff's right of recovery. The result is that this judgment is affirmed. All concur.