C. A. MARSHAL et al., Respondents, v. AMERICAN GUARANTEE MUTUAL FIRE INSURANCE COMPANY, Appellant,

St. Louis Court of Appeals, April 18, 1899.

1. Fire Insurance Policy: TOTAL LOSS: MEASURE OF DAMAGES. In the case at bar the policy sued on is a valued one and the loss being a total one the measure of plaintiff's damages is the amount for which the property was insured less any depreciation from the date of the policy to the time of destruction by fire, and, held, further, that the clause in the policy agreeing to submit amount of loss to arbitration is in contravention of the statutes and is nugatory.

2. ———: ———: PRACTICE, TRIAL: ADMISSIBILITY OF EVIDENCE. The trial court did not err in excluding the evidence offered by defendant to prove the value of the property, since under the statute it was not an open question.

*Appeal from the Laclede Circuit Court.*—HON. L. B. WOODSIDE, Judge.

AFFIRMED.

C. H. SHUBERT for respondents.

The second point raised on appeal is that the petition "does not state the value of the property destroyed," and

cites the foregoing cases to show a necessity for such allegation; but the trouble with those cases is, that where the court declares such averment necessary, the issue raised relates to personal property only. The case of Walker v. Ins. Co., 62 Mo. App. 200, cited further on, does refer to realty, but that case arose under the law of 1879, which permitted the company to rebuild, hence it was held that the inquiry as to value was material. The policy here now in suit was dated. July 27, 1897, and is governed by the law then in force, which renders nugatory the doctrine of the Walker case; and abrogates the law of 1879; so that case is no authority here. It was not necessary to aver in petition the value of the property insured for the reason that such property was a "building." Sections 5897 and 5898, Revised Statutes 1889, provide that the amount written in the policy shall be taken as the true value, and the measure of damages; while Laws of Missouri 1895, page 194, provides that when a risk is taken on property in this state "its value shall not be questioned in any proceeding." So it is clear that as to a building, an averment that it was insured for a certain sum is a sufficient allegation of its value. The cases of Murphy v. Ins. Co., 62 Mo. App. 496, and Havens v. Ins. Co., 123 Mo. 403, abundantly fortify and sustain the position of the respondent upon the contention. Passing to the next point raised on appeal, it is seen that appellant makes a cry of fraud, and an offer to prove that the building was overvalued; and was rightly denied such a defense on the authority of above act of legislature, 1895, page 194, which states that such value "shall not be questioned in any proceeding." And it is furthermore shown upon application that the agent of appellant personally inspected the building insured, and approved the valuation. Being an agent of general authority the company is bound by all acts and knowledge of such agent, and such agent was competent to make oral waiver of all conditions of policy. Burnham v. Ins. Co., 63 Mo. App.

85; Rosencrans v. Ins. Co., 66 Mo. App. 352; Ayres v. Ins. Co., 66 Mo. App. 288.

J. W. FARRIS for appellant.

This being an action on a fire insurance policy, the court erred in admitting any testimony, over defendant's objection, because the petition does not state that insured owned the property at the time the insurance was secured, and does not state the value of the property destroyed. Harness v. Ins. Co., 62 Mo. App. 245; Story v. Ins. Co., 61 Mo. App. 534, and other authorities. The defendant offered to prove that the property was of the value of less than $300, to show that the plaintiff had practiced a fraud on defendant by such over-valuation, and the proof tendered was the evidence of the carpenter who built the house destroyed. The court refused to allow such evidence. Fraud is a proper defense in any case, and in this case because the fraud charged was as to value, and the defendant being an insurance company does not deprive it of that defense. It is well settled that a false warranty of value will annul a policy of insurance. When a value is stated in an application it goes beyond a mere opinion and becomes a warranty. School Dist. v. Ins. Co., 61 Mo. App. 597. A warranty is a part of the contract and the matter must be such as it is represented to be. Walker v. Ins. Co., 62 Mo. App. 209. The policy contained a clause that permitted the company to repair, replace or rebuild, and hence the company had a right to prove the value of the building destroyed. "Since the insurer may pay the amount of the policy or restore the property, the inquiry as to the value becomes quite material." Walker v. Ins. Co., 62 Mo. App. 209. Defendant being a mutual insurance company, is not subject to the valued policy law. Session Acts of 1895, p. 200; Warren v. Ins. Co., 72 Mo. App. 188. If it be contended that the law of

1895 does not include mutual companies, except town mutuals, then such legislation is special and in conflict with the constitution.    Const. of Mo., art. 4, sec. 53.

BLAND, P. J.—The petition alleged, in substance, that the defendant is a fire insurance company organized under the general insurance laws of this state; that on July 27, 1897, defendant insured plaintiffs dwelling house situated in the village of Stoutland, Laclede county, against loss by fire for a term of six years in consideration of $36, then and there paid by plaintiffs and received by defendant; that on the thirty-first day of December, 1897, the building being still the property of plaintiffs and so insured, was wholly destroyed by fire, of which plaintiffs immediately gave written notice to defendant, and thereafter, and within the time provided for by the policy, made out written proofs of loss and forwarded the same to defendant at its home office in the city of St. Louis; that defendant refused to pay the loss after the same became due and payable, and judgment was prayed for the amount of the insurance.

For answer the defendant informed the court that it is a mutual fire insurance company, organized and doing business under the laws of the state of Missouri; admitted the issuance of the policy sued on, and then proceeds to inform the court that plaintiff Marshal made a written application to defendant for the insurance, in which he warranted the cash value of the building to be $800 when it was not worth over $300.    And for further answer defendant alleged the policy to contain a clause that in the event of disagreement as to amount of loss, the same should be submitted to arbitration and that plaintiff refused to comply with this provision of the policy; also that under the terms of the policy the defendant had a right to rebuild, and that it was the duty and obligation of the plaintiff under the terms of the policy to furnish plans and specifications of the building destroyed,

when requested so to do by defendant, to enable defendant

ANSWER.

to intelligently exercise its option, and that plaintiff refused to furnish plans and specifications when requested so to do by defendant, and thus denied defendant of the right to exercise its privilege. The answer alleged that the building was not in Laclede county, and that there was no village of Stoutland in Laclede county; also that the plaintiff refused to furnish further proofs of loss on the demand of defendant, as he was bound to do under the terms of the policy, and further informed the court that plaintiff was a member of the defendant company, and should not recover an amount exceeding the actual value of his house at date of loss, $300, alleged fraud in the procurement of the policy, and denied every other allegation in the petition. On motion of plaintiff that part of the answer setting up over-valuation was stricken out. The cause was submitted to the court sitting as a jury, who after hearing the evidence, gave the plaintiff judgment for $569.40. From this judgment defendant, after an unavailing motion for new trial, duly appealed.

The evidence adduced by plaintiff tended to prove the allegations of the petition. Defendant offered to prove that the actual cash value of the building insured at the time of the fire was $290, which evidence the court excluded, to which ruling defendant saved an exception. The policy contained the several provisions alleged in the answer and the application—made a part of the policy—provided that the statement of the cash value of the building to be $800 should be taken as a warranty that it was of that value. No evidence was offered by defendant that the property was not situated as described in the application and policy; on the contrary plaintiff proved that it was situated in the village and county alleged. The defendant asked declarations of law in line with its several special defenses, which were refused. No declarations of law were asked or given on the

part of plaintiff.    Appellant seems to be laboring under the
delusion that it is exempt from the general statutes of the
state applicable to fire insurance companies.    We find noth-
ing in the record to substantiate the contention.    Town mu-
tual fire insurance companies are exempt from these general
statutes, when organized for the sole purpose of insuring the
property of the members (Acts of 1895, page 200), but their
businesss is confined to the congressional districts in which
they are organized, until they shall have $400,000 worth of
property or more insured, when they may do business in any
of the towns and cities of this state.    It is not averred in the
answer that defendant is a town mutual company nor that it
is authorized to do business in Laclede county, nor is there
any evidence in the record tending to establish either of these
facts.    Its name indicates that it is not a town mutual com-
pany, and we must assume that it is a mutual company organ-
ized under the provisions of chapter 89, Revised Statutes of
1889, in the absence of any averment or proof to the con-
trary.    Being governed by the general statutes concerning
insurance the policy sued on is a valued one (R. S. 1889,
sec. 5897), and the loss being a total one the measure of
plaintiff's damages is the amount for which the property was
insured, less any depreciation from the date of the policy to
time of destruction by fire.    Baker v. Ins. Co., 57 Mo. App.
559; Williams v. Ins. Co., 73 Mo. App. 607; Havens v. Ins.
Co., 123 Mo. 403.    The clause in the policy agreeing to sub-
mit amount of loss to arbitration is in contravention of the
statutes and is nugatory (authorities cited, *supra*). Likewise
is the option retained by the appellant to rebuild in case of
total loss in contravention of the statutes, and therefore not
available as a defense.    Murphy v. Ins. Co., 62 Mo.
App. 498; Williams v. Ins. Co., *supra*.    There was
no error in excluding the evidence offered by defendant

to prove the value of the property. This, ADMISSIBILITY of proof of value of the property. under the statute, was not an open question. The objection that the petition fails to allege that plaintiff was the owner of the property at the date of the loss, is without merit; this allegation is directly made in the petition. No evidence was offered tending to prove that the policy was affected in the least by any fraudulent representations made by the plaintiff. No reversible error is discoverable in the record, and we affirm the judgment. All concur.