AMERICAN CENTRAL INSURANCE COMPANY *v.* NOE.

Opinion delivered May 27, 1905.

1. FIRE INSURANCE—BUILDING.—Under Kirby's Digest, § 4375, a policy of insurance on a building is a liquidated demand, in case of a total loss. (Page 409.)

2. TRIAL—DIRECTING VERDICT—UNCONTRADICTED EVIDENCE.—Where the testimony of a witness that insured personal property lost by fire was worth a certain sum was uncontradicted, and bore upon its face no fact impeaching either its verity or accuracy, it was not error to instruct the jury to find accordingly. (Page 409.)

3. LIMITATION—RECOVERY ON POLICY.—It was not error to permit recovery on a policy of insurance in an action begun more than a year after the fire, contrary to a clause in the policy, if the complaint alleges and the answer admits that a suit was brought within a year, and a nonsuit taken therein, and a new suit brought within a year thereafter. (Page 410.)

4. FIRE LOSS—WHEN TOTAL.—Where the uncontradicted evidence was that the insured building was wholly lost except a glass door which

was crushed after removal, the loss was total, within the meaning of the policy. (Page 410.)

Appeal from Fulton Circuit Court.

JOHN B. McCALEB, Judge.

Affirmed.

*Sam H. Davidson* and *Shepard Barclay & Thomas T. Fauntleroy,* for appellant.

The court erred in directing a verdict for plaintiff. 33 Fed. 415; Under Ev. § 190; 105 U. S. 49; 4 Mo. 107; 78 Mo. 298; 108 Mo. 326. The proofs of loss are not evidence of values. 33 Ins. L. Jour. 957; 25 Pac. 331; 2 May, Ins. 1063. There was no sufficient title or ownership in plaintiff. 17 Pac. 927; 30 N. E. 7; 30 Atl. 808; 22 N. E. 428; 46 N. E. 95; 10 S. W. 470. The testimony as to the contents of the letters written to appellant was incompetent. 54 Minn. 536; 53 Mo. App. 353; 30 Ark. 399; Kirby's Dig. § 3074. Proofs of loss were not furnished within 60 days. 64 Ark. 594; 51 Minn. 289; 53 Mo. App. 101; 37 *Id.* 546; 56 *Id.* 343. The limitation in the policy as to, the bringing of the suit is valid. 52 Ark. 11; 86 Wis. 17; 6 Fed. Cases, 786; 24 Ins. L. J. 838.

*Charles E. Elmore* and *J. B. Baker,* for appellee.

The record fails to show the election of the special judge, and the appeal should be dismissed. Const. art. 7, § 21; 52 Ark. 113; 79 S. W. 1060. The bill of exceptions was not filed in time. Kirby's Dig. § 1194; 54 Ark. 551; 69 Ark. 281; 84 S. W. 796; 70 Ark. 83. No disqualification of the regular judge appears from the record, and the appeal should be dismissed. 39 Ark. 254; 42 Ark. 126; 52 Ark. 113. The contract of insurance was entire. 52 Ark. 257; May, Ins. § § 189, 277; 1 Wood, Ins. 384. Forfeitures are not favored in law. 53 Ark. 494; 96 U. S. 757. The conditions of the policy were substantially complied with. Kirby's Dig. § § 4375a, 4381; 70 Ark. 1; 62 S. W. 66. The matter of nonsuit was an allegation in the complaint, and not denied, and will be taken as true.

Kirby's Dig. § § 6132, 6133, 6137; 51 Ark. 370. Appellant had no right to demand an arbitration. 76 S. W. 22; 70 S. W. 274.

HILL, C. J.  The insurance company issued a policy of fire insurance to Mrs. Ula Robinson (afterwards Mrs. Mitchell) upon her dwelling house and household and kitchen furniture. The policy was for $1,000 on the house and $400 on the furniture, in consideration of a single premuim of $17.50.

During its life the house and part of the furniture were destroyed by fire. Proofs of loss were sent to the company within the stipulated time required by the policy. The proofs were made upon the forms furnished by the company, and were in substantial compliance with the terms of the policy, and seem to be full and complete.

The company objected to them as incomplete and unsatisfactory, and declined to accept them for these reasons: they did not give copy of written portions of the policy or all the descriptions in policy; a conflict was stated to exist in the valuation of the house; and they failed to show depreciation in the building. Then a demand is made to produce for examination books of accounts, bills, vouchers, invoices, etc., relating to half dozen articles of household goods, etc., including the family Bible and the Criminal Code of Arkansas. Objection was further made to the insufficiency of the statements as to the origin of the fire, the proofs merely stating it was unknown, and the company intimated that she had knowledge of circumstances which required explanation. In reply to this Mrs. Robinson requested a return of the proofs, which were sent her. The matter rested for about a year when a demand was made by Mrs. Robinson for arbitration and appraisement, and fuller and more explicit proofs were sent. Nothing was done by the company, and this suit was brought. Various defenses, including all the matters above referred to (except no charge was made that Mrs. Robinson caused or connived at the fire), were interposed. Other defenses which are settled against the company by the statutes of this State were also interposed.

On the trial Mrs. Mitchell and her father were the only witnesses. They proved the destruction of the house by fire, its

value to be from $1,300 to $1,500; and Mr. Robinson, the father, testified: "The loss on the personal property was $298." He showed that he had assisted his daughter in making the proofs of loss and placing the value on the personal property. This sum was the aggregate of the values placed on the various items in the proofs of loss. No objection was made to this evidence, and no cross-examination of the witness to show his familiarity or unfamiliarity with the property or its market value; no cross-examination to develop upon what basis he made the estimate was had. At the conclusion of this testimony, and upon it and the correspondence between the parties, the court directed the jury to find a verdict for $1,298 and interest.

1. The first point urged for a reversal is that the question of value should have been sent to the jury for determination. This argument is chiefly based on a lack of qualification of the witnesses to testify as to the value of the house, and the fact that it was put between $1,300 and $1,500. The question of value of the house was not open to evidence. Kirby's Digest, § 4375, makes the amount of the policy on the house a liquidated demand. This was evidently overlooked by the insurance company in its demands and in its present insistence.

The value of the personal property was proved by Mr. Robinson in the general statement above quoted, which was not objected to. The company could have required him to have first proved his knowledge of the property and its market value, and could have cross-examined him to show the incorrectness of his valuation, to impeach the truth or accuracy of his estimates, and might have shown by such cross-examination a doubt of the absolute valuation placed on the property. In such event it would have been error to have directed a verdict, for the determination of the value would then have been a question exclusively within the province of the jury. . But a jury cannot be permitted to arbitrarily disregard the sworn testimony of a witness which is uncontradicted, and bears upon its face no fact impeaching either its verity or accuracy. In this case there

was absolutely nothing to impair the force of this testimony, and therefore there was no error in instructing a verdict.

2. Error is assigned in permitting recovery on the policy in an action begun more than one year after the fire, contrary to a clause in the policy. The complaint alleges, and the answer admits, that suit was filed within a year, and a non-suit taken in that suit, and this suit filed within a year thereafter. This brought the action within section 4381, Kirby's Digest.

3. A question is raised as to the total loss of the building. The uncontroverted evidence is that all of it was lost except a glass front door which was crushed after removal. This was a total loss within the meaning of the policy. 4 Joyce, Insurance, § 3029.

4. Other questions are incidentally raised, but they are not regarded as sufficiently substantial to call for discussion.

The judgment is affirmed.