OKLAHOMA FARMERS' MUT. INDEMNITY ASS'N. v. McCORKLE.

No. 2067, Okla. T.    Opinion Filed June 25, 1908.

(97 Pac. 270.)

INSURANCE—Total Loss—Measure of Indemnity. If there is no valuation in the policy, the measure of indemnity in an insurance against fire in the event of total loss is the full amount stated in the policy.

(Syllabus by the Court.)

*Error from District Court, Custer County; M. C. Garber, Judge.*

Action on insurance policy by W. P. McCorkle against the Oklahoma Farmers' Mutual Indemnity Association. Judgment for plaintiff, and defendant brings error. Affirmed.

*George T. Webster*, for plaintiff in error.
*Holcomb & Snodgrass*, for defendant in error.

KANE, J. This was a civil action brought on a fire insurance policy by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. The petition states, in substance, that in consideration of the payment of certain premiums, the defendant agreed to insure plaintiff against loss or damage by fire, lightning, wind, cyclone, and tornado in the sum of $2,800, according to the following specifications, viz.: $1,400 fire and lightning, and $1,400 wind, cyclone, and tornado, on certain described property for the period of five years. That the amount of insurance against fire was apportioned as follows: On dwelling house No. 1, including foundation, cellar, and basement walls, present cash value $600, and amount of insurance against fire and lightning $450; amount to insure against cyclone, tornadoes, or wind storms $450; on household furniture, useful and ornamental, family wearing apparel, carpets, provisions for family use, musical instruments, printed books, silver plate and plated ware, pictures and frames, and sewing machines, all the while contained therein, amount of insurance against cyclones, tornado, or wind storm $250. There was other property included in the policy, but for the purpose of this case the above is all that is necessary to notice. The petition further alleged that said dwelling house, together with all the contents thereof, as above described, was totally destroyed by fire, without any fault on the part of the plaintiff. Then follows allegations as to complying with all the conditions precedent, as to notice, proof of loss, etc.

The defendant's answer was a general denial, followed by several paragraphs containing matter constituting affirmative defenses; but, as no proof was offered by the defendant in support of these allegations, it is not necessary to notice them here.

After the plaintiff introduced his evidence and rested, the defendant demurred to the evidence, on the ground that it did not show a cause of action against the defendant, for the reason that there was no proof as to the actual value of the house or the household goods at the time they were totally destroyed. The court below overruled the demurrer to the evidence, and, counsel

for defendant electing to stand on his demurrer, the court instructed the jury to return a verdict for the plaintiff, and, as a basis for the amount of recovery, stated "that, under the laws of this territory, the insurance company shall be required to pay, in case of total loss, the full amount of the policy, and in case of a partial loss shall be required to pay the amount of the loss that the property was damaged." Thereupon the jury returned a verdict in favor of the plaintiff in the sum of $700, upon which judgment was duly entered. From this judgment the defendant appealed to the Supreme Court of the territory of Oklahoma, and, the cause being undisposed of on the admission of the territory of Oklahoma as the state of Oklahoma, it was transferred to this court, under the terms of the enabling act and the Schedule to the Constitution.

There is only one question of law submitted to this court by counsel for defendant, and this issue he states in his brief as follows:

"Plaintiff in error contends that the defendant in error utterly failed to establish the value of the property destroyed by fire on the date of the loss; that he utterly failed to show that he had made due proof of loss; and if plaintiff in error's contention is well taken, then the demurrer to the evidence should have been sustained, and *a priori* its motion for judgment *non obstante veredicto*, and also its motion for a new trial, should have been sustained. Counsel for defendant in error seems to have tried the case upon the theory that the policy was a 'valued policy,' and upon the further theory that section 3204, 1 Wilson's Rev. & Ann. St. 1903, p. 790, entitled him to the full amount of his policy if he proved there was a total loss, and the trial court seems to have taken this to be the correct theory. This theory is erroneous, because the policy in plain words says: 'Association hereby agrees to indemnify and make good unto said insured, his executors, administrators, or assigns, etc., all such immediate loss or damage not exceeding in amount the sum or sums above itemized nor the actual cash value of the property at the time of loss.'"

There was, to our mind, evidence tending to establish proof of loss; and, as counsel does not seriously argue in his brief that

question, it will not further be noticed. It is true, as counsel for defendant insists, that the plaintiff did not introduce evidence tending to show the actual value of the property at the time of the loss, but relied upon section 3204, Wilson's Rev. & Ann. St. 1903, under which, no doubt, the court instructed the jury as to the amount of recovery. Section 3204, *supra,* reads as follows:

"If there is no valuation in the policy, the measure of indemnity in an insurance against fire is the full amount stated in the policy; but the effect of a valuation in a policy of fire insurance is the same as in a policy of marine insurance."

Counsel for defendant insists that the policy sued on was an open, and not a valued, policy, and that, notwithstanding the provisions of the above section of the Statutes of Oklahoma, the plaintiff was not entitled to recover more than the actual cash value of the property at the time of the loss. Without the above statute the contention of counsel would probably be correct, but it seems to the court that the effect of the statute is to fix the liability at the amount stated in the policy, the parties having fixed no valuation.

"Fire policies are ordinarily open, and not valued, policies, but in many states there are statutory provisions which give to fire policies, to some extent, the effect of valued policies; that is, making the amount of the insurance named in the policy payable absolutely in the event of total loss, without further evidence as to the actual loss."

The above quotation is taken from 19 Cyc. 836, and the doctrine is supported by a great array of authority. It is also held in such cases that "Any stipulation in such policy, as to how the loss shall be estimated or determined when total, will be invalid." Our statute on fire insurance gives to the policy sued on herein the effect of a valued policy. As that was the effect the court below gave it when he instructed the jury as to the amount of recovery, no error can be predicated on the instruction. The statute specifically provides that "if there is no valuation in the policy the measure of indemnity in an insurance against fire is

the full amount stated in the policy." The authorities seem to be uniform to the effect that any stipulation in such policy, as to how the loss shall be estimated or determined when total, is invalid. Under such circumstances all that was necessary to entitle the plaintiff to recover the amount named in the policy was to show a total loss of the property by fire, and compliance with the conditions precedent, as to notice and proof of loss, etc. Having done this, it was not necessary to show the actual cash value of the property at the time of the loss.

The judgment of the court below is affirmed.

All the Justices concur.