## SPRINGFIELD FIRE & MARINE INS. CO. v. HOMEWOOD.

No. 1442. Opinion Filed January 16, 1912.

Rehearing Denied March 19, 1912.

(122 Pac. 196.)

1. **INSURANCE—Total Loss—Liability of Company.** Where a fire insurance policy was written and the loss occurred while section 3199, Wilson's Rev. & Ann. St. 1903 (which provided that "all insurance companies isuing policies in this territory shall be required to pay in case of total loss the full amount, and in case of partial loss shall be required to pay the amount of loss so sustained for which the property is insured; provided, however, that no policy shall be issued which shall contain a sum greater 'than seventy-five per cent. of the value of the property so insured"), and section 3204, Wilson's Rev. & Ann. St. 1903 (which provided that, "if there is no valuation in the policy the measure of indemnity in an insurance against fire is the full amount stated in the policy; but the effect of a valuation in a policy of fire insurance is the same as in a policy of marine insurance"), were in force, the company was liable, in case of total loss, for the full amount of the policy.

2. **SAME—Destruction by Fire.** When all combustible material in a railroad car is destroyed by fire, leaving only the trucks and steel used in its construction, and that is so injured by the fire as not to be of use in rebuilding the car, there is a total loss, within the meaning of the fire insurance policy, although the trucks and steel may be worth a small per cent. of the original value of the car as old iron or scraps.

3. **SAME—Appraisement.** Where there was a total loss of property covered by a fire insurance policy, governed by the provisions of sections 3199 and 3204, Wilson's Rev. & Ann. St. 1903, no appraisement was necessary, though the policy provided for appraisement as a condition precedent to bringing suit thereon.

(Syllabus by Rosser, C.)

*Error from Superior Court, Pottawatomie County;*

*George C. Abernathy, Judge.*

Action by Harry Homewood against the Springfield Fire & Marine Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Blakeney & Maxey,* for defendant in error.

Opinion by ROSSER, C. This was an action on a fire insurance policy by Harry Homewood, hereinafter called plaintiff, against the Springfield Fire & Marine Insurance Company, hereinafter called defendant, to recover for the burning of a certain private car, known as "Gertrude," the property of the plaintiff. The policy was issued September 10, 1907, for one year, and the loss occurred on the 27th of November, 1907, at Tecumseh, in this state.

There are only two questions raised by defendant's brief: First. That the loss was not appraised before the suit was brought, as provided by the policy. It was stipulated in the policy that, in case of a disagreement between the insurer and the insured, the amount of loss should be determined by appraisement, the insured to select one appraiser, the company another, and the two appraisers thus selected to choose the third, and the three to appraise the property. At the time the policy was written, and when the loss occurred, section 3199, Wilson's Rev. & Ann. St. 1903, was in force. That section provided as follows:

"All insurance companies issuing policies in this territory shall be required to pay in case of total loss the full amount, and in case of partial loss shall be required to pay the amount of loss so sustained, for which the property is insured; provided, however, that no policy shall be issued which shall contain a sum greater than seventy-five per cent. of the value of the property so insured."

This section is quoted in *Farmers' & Merchants' Ins. Co. v. Cuff,* 29 Okla. 106, 116 Pac. 435, in the discussion of the necessity of appraising property destroyed by fire. Section 3204, Wilson's Rev. & Ann. St. 1903, was also in force both at the time the policy was written and when the loss occurred. That section provided that:

"* * * If there is no valuation in the policy, the measure of indemnity in an insurance against fire is the full amount stated

in the policy; but the effect of a valuation in a policy of fire insurance is the same as in a policy of marine insurance."

This section was construed in the case of *Oklahoma Farmers' Mutual Indemnity Association v. McCorkle*, 21 Okla. 606, 97 Pac. 270. In that case it was held, under that section, that, "in the event of total loss, the amount of insurance mentioned in the policy was payable absolutely, without further evidence as to the actual loss." See, also, *Word v. Southern Mutual Ins. Co.*, 112 Ga. 585, 37 S. E. 897; *Havens v. Germania Fire Ins. Co.*, 123 Mo. 403, 27 S. W. 718, 26 L. R. A. 107, 45 Am. St. Rep. 570; *Lancashire Fire Ins. Co. v. Bush*, 60 Neb. 116, 82 N. W. 313; *Oshkosh Gaslight Co. v. Germania Fire Ins. Co.*, 71 Wis. 454, 37 N. W. 819, 5 Am. St. Rep. 233; *Reilly v. Franklin Ins. Co.*, 43 Wis. 449, 28 Am. Rep. 552. Both of these sections were repealed by the act of March 25, 1909 (Sess. Laws 1909, c. 21, art. 2).

Two questions then arise. The first is, Was there a total loss? And the second, If the loss was total, was appraisement necessary? It appears from the evidence that everything combustible in and about the car was burned, and all of the car that could burn was burned, and all of the contents that could be burned were burned. All that was left was the iron and steel work of the car, and that, according to the testimony, was so injured and changed by the fire as to make it incapable of use in another car, and had no value, except as scrap iron or rubbish. It was then a total loss, so far as it was possible for fire to make it a total loss.

In the case of *Seyk v. Millers' Nat. Ins. Co.*, 74 Wis. 67, 41 N. W. 443, 3 L. R. A. 523, where a similar question was involved, the court said:

"Were the insured buildings wholly destroyed, within the meaning of section 1943? The evidence is that all the combustible material in the structures was destroyed, and, although portions of the brick wall were left standing, yet they were useless as walls, and many, perhaps most, of the bricks therein were spoiled by the heat. It cannot be doubted that the identity and specific character of the insured buildings were destroyed by

fire, although there was not an absolute extinction of all the parts thereof. This was an entire destruction of the building, within the meaning of the statute."

In *Palatine Ins. Co. v. Weiss*, 109 Ky. 464, 59 S. W. 509, the court said:

"It is unnecessary to multiply citations from authorities bearing upon this question. It is the opinion of the court that the words 'total loss,' when applied to a building, do not mean that the materials of which the building was composed were all totally destroyed and obliterated. It is not necessary that all of the parts and materials composing the building should be obsolutely and physically destroyed; but the inquiry always is: Does the insured building, after the fire, still exist, preserving substantially its identity, or has it become so broken and disintegrated that it cannot be designated as the structure which was insured? There may be a total loss, within the meaning of the statute, even though some parts of the building may remain standing after the fire. See Wood, Ins. sec. 107; May, Ins. sec. 420a; Ostr. Ins. (2d Ed.) sec. 610; Bid. Ins. sec. 1375; Joyce, Ins. secs. 3025, 3030; Beach, Ins. sec. 890; Black, Law Dict. 'Total Loss'; *Judah v. Randal* [2 Caines, Cas. (N. Y.) 324]; *Harriman v. Insurance Co.*, 49 Wis. 71, 5 N. W. 12."

See, also, *Murphy v. Am. Cent. Ins. Co.*, 25 Tex. Civ. App. 241, 54 S. W. 407; *Havens v. Germania Fire Ins. Co.*, 123 Mo. 403, 27 S. W. 718, 26 L. R. A. 107, 45 Am. St. Rep. 570; *O'Keefe v. Liverpool, London & Globe Ins. Co.*, 140 Mo. 558, 41 S. W. 922, 39 L. R. A. 819; *Hamburg-Bremen Fire Ins. Co. v. Garlington*, 66 Tex. 103, 18 S. W. 337, 59 Am. Rep. 613; *Williams v. Hartford Ins. Co.*, 54 Cal. 442, 35 Am. Rep. 77.

In *Liverpool, London & Globe Ins. Co. v. Heckman*, 64 Kan. 388, 67 Pac. 879, the court said:

"The phrase 'total loss,' or its equivalent, 'wholly destroyed,' as used when applied to the subject of insurance, does not contemplate the entire annihilation or extinction of the property insured. Nor does it require that any portion of the property remaining after the loss shall have no value for any purpose whatever; but it means only destruction of the property insured to such extent as to deprive it of the character in which it was insured."

When the car was burned, nothing remained but the debris or scraps. Although they may have had some value, 3 or 3½ per cent of the total value, still it was destroyed as a car; and fire had done all the damage it was possible for fire to do it. Destruction by fire, so far as fire could destroy, was the thought that was in the parties' minds at the time the policy was written. Total loss occurred, within the meaning of the policy, when everything was destroyed that fire could destroy.

It is obvious that if the total amount of the policy was payable in the event of total loss no appraisement was necessary. The amount of the policy was the amount payable, and there was nothing to appraise. While the exact point was not decided in either case, the reasoning of both *Oklahoma Farmers' Mutual Indemnity Association v. McCorkle,* 21 Okla. 606, 97 Pac. 270, and the *Farmers' & Merchants' Ins. Co. v. Cuff,* 29 Okla. 106, 116 Pac. 435, leads to this conclusion.

In the case of *Oshkosh Gaslight Co. v. Germania Fire Ins. Co.,* 71 Wis. 454, 37 N. W. 819, 5 Am. St. Rep. 233, the court, speaking of a similar statute to the one in force at the time the policy in this suit was written and the loss occurred, said:

"The statute must be regarded as a part of the contract of insurance, and the amount written in the policy as liquidated damages agreed upon by the parties conclusively in such contract."

In *Lancashire Ins. Co. v. Bush,* 60 Neb. 116, 82 N. W. 313, the court said:

"The statute, which is to be regarded as part of the contract, fixes conclusively the worth of the building which is the subject of insurance. If the property is wholly destroyed, its actual value is not to be determined by evidence, agreement, or arbitration. The damages are liquidated, and the measure of recovery already ascertained."

A large number of cases, among which are *German Ins. Co. v. Eddy,* 36 Neb. 461, 54 N. W. 856, 19 L. R. A. 707, *O'Keefe v. Liverpool, London & Globe Ins. Co.,* 140 Mo. 558, 41 S. W. 922, 39 L. R. A. 819, *Baker v. Phoenix Ins. Co.,* 57 Mo. App. 559, *Hartford Fire Ins. Co. v. Bourbon County,* 115 Ky. 109, 72

S. W. 739, *Am. Cent. Ins. Co. v. Noe*, 75 Ark. 406, 88 S. W. 572, *Marshall v. Am. Guarantee Mut. F. Ins. Co.*, 80 Mo. App. 18, and *Aetna Ins. Co. v. Shacklett* (Tex. Civ. App.) 57 S. W. 583, sustain the doctrine that, under statutes similar to the one governing this case, no appraisement is necessary, although stipulated for in the policy; and it was held in *Penn. Fire Ins. Co. v. Drackett*, 63 Ohio St. 41, 57 N. E. 962, 81 Am. St. Rep. 608, and *Seyk .v. Millers' Nat. Ins. Co.*, 74 Wis. 67, 41 N. W. 443, 3 L. R. A. 523, that a voluntary submission to arbitration did not preclude the insured from recovering the face of the policy, where there was a total loss, though the award was for a less amount.

Defendant's second contention is that the court erred in permitting Gertrude Homewood, the wife of plaintiff, to testify in the case. The execution of the policy is admitted, and the destruction of the property by fire was amply proved by several witnesses, both for the plaintiff and the defendant. Mrs. Homewood's testimony was entirely immaterial. It was not necessary to prove the value of the property. *Marshall v. Am. Guarantee M. F. Ins. Co.*, 80 Mo. App. 18. When the execution of the policy was shown, and the destruction proven to be a total loss, the liability of the company was established. These facts were practically admitted by the company and were proven by 'the other witnesses. Whether Mrs. Homewood's evidence was competent or not cannot affect the decision of the case. However, she testified that she had full control of the car and the contents in the absence of her husband, and her testimony was confined to conditions and transactions existing and occurring in his absence. Her testimony appears to have been competent.

The judgment should be affirmed.

By the Court: It is so ordered.