**PALATINE INS. CO. OF LONDON, ENGLAND, v. COMMERCE TRUST CO.,**

No. 8503—Opinion Filed Oct. 29, 1918.

(175 Pac. 930.)

### 1. Insurance—Fire Policy Provisions—Statutory Requisites.

Any provision in a policy of fire insurance written since the 25th day of March, 1909, that is in conflict with the provision of the standard form of policy of this state, provided by Act March 25, 1909, and of section 3482 Rev. Laws 1910, will not be enforced.

### 2. Same—Recovery—Instruction.

When, in an action upon a policy of insurance in the sum of $3,000, for the destruction of an automobile by fire, the evidence is in conflict as to the value of the automobile destroyed, it was reversible error for the court to instruct the jury that, if they found for the plaintiff, they must find for the face value of the policy.

### 3. Same.

A policy of fire insurance on property in this state, written since the 25th day of March, 1909, cannot liquidate the damages suffered by the amount stated in the policy, as the measure of recovery is the actual value of the property destroyed.

(Opinion by Collier, C.)

Error from District Court, Garfield Conuty; James B. Cullison, Judge.

Action by the Commerce Trust Company against the Palatine Insurance Company of

London, England. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Scothorn & McRill, for plaintiff in error.

C. H. Parker and P. C. Simons, for defendant in error.

Opinion by COLLIER, C. This is an action on an insurance policy, brought by the defendant in error against the plaintiff in error. Hereinafter the parties will be designated as they were in the trial court.

The policy was issued to one R. W. Peard upon an automobile, and after the destruction of the automobile by fire the policy was assigned by Peard to the defendant. The policy of insurance, together with the application therefor, was in evidence.

The policy is in the sum of $3,000, and provides against loss or damage to the automobile insured, caused by fire arising from any cause whatsoever. The evidence as to the value of the automobile destroyed is in conflict. The evidence on the part of the plaintiff tended to show that at the time it was destroyed it was of the value of $3,500, while on the part of the defendant the evidence tended to show that it was of the value of $1,200.

The undisputed evidence is that during the life of the policy the automobile was entirely destroyed by fire, and that notice of such destruction of said automobile was given the insurer, as required by the terms of the policy.

The court, among other instructions, instructed the jury as follows:

"You are further instructed that, in the case the plaintiff is entitled to recover the face of the policy of insurance, unless it appears from all the circumstances that R. W. Peard, at the time he made his application for insurance here given, together with statements he made in said application were false, and that said statements, if they were false, materially affected the risk sought to be insured."

To the giving of said instruction defendant duly excepted. The jury returned a verdict for plaintiff in the sum of $3,000, to which defendant duly excepted. Timely motion was made for a new trial, which was overruled and excepted to, and error brought to this court.

It is insisted by the plaintiff that at the time the policy was written, May 20, 1912, the insurance law found in article 2, c. 38, Revised Laws, was not in force, and this contention is an error, from the fact that the said law became effective March 25, 1909, and was enacted subsequent to the

cases of Springfield Fire & Marine Insurance Co. v. Homewood, 32 Okla. 521, 122 Pac. 196, and Farmers' Mutual Ind. Association v. McCorkle, 21 Okla. 606, 97 Pac. 270, which decisions are not now the law, as they were changed by the act effective March 25, 1909 (Laws 1909, c. 21, art. 2), and said act now being incorporated in the Revised Laws as sections 3481 and 3482.

Section 3481, Revised Laws, provides that:

"No fire insurance company shall issue fire insurance policies on property in this state other than those of the standard form herein set forth, except as follows: [The exceptions noted do not apply to the instant case.]"

Section 3482, Revised Laws, provides a standard form of policy, and provides therein that:

"The company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the insurer to repair or replace the same in material of like kind and quality."

"Any provision in the contract of fire insurance on property in this state, written since the 25th day of March, 1909, in conflict with the provision of said standard form of policy, cannot be enforced." Fidelity-Phenix Insurance Co., a Corporation, v. School District 62 of Jackson County, a Corporation, 70 Okla. 300, 174 Pac. 513.

It is also insisted by the plaintiff that, if the property be wholly destroyed, its actual value is not to be determined by evidence, agreement, or arbitration; that the damages are liquidated, and a measure of recovery already ascertained—citing in support thereof Springfield Fire & Marine Insurance Co. v. Homewood, supra, and Farmers' Mutual Ind. Association v. McCorkle, supra. With this contention we cannot agree, and hold that the value of property destroyed by fire, under a policy written since the 25th of March, 1909, cannot be fixed by the policy, but must be determined by the actual value of the property destroyed at the time of its destruction.

We are of the opinion that, if the plaintiff was entitled to recover in the action, which we do not decide, the measure of its recovery was the value of the automobile at the time of its destruction, and, the evidence being in conflict as to its value, the question of its value should have been submitted to the jury, and the court committed reversible error in giving said instruction hereinbefore set out.

"It is error for the court to peremptorily instruct a verdict in favor of plaintiff for a specific sum in a case tried by a jury where the evidence is conflicting, and upon which the jury might reasonably find against the defendant a less sum than that insructed by the court to be found for the plaintiff." Miller et al. v. Oklahoma State Bank of Altus et al., 53 Okla. 616, 157 Pac. 767.

"In an action at law, where there are controverted questions of fact necessary for a determination of the case it is error to direct a verdict." Burke v. Smith, 57 Okla. 196, 157 Pac. 51.

"Where the evidence presents an issue of fact, whether clear or obscure, it is the duty of the court to submit such issue to the jury for its determination." Blair v. Lewis et al., 57 Okla. 755, 157 Pac. 905.

As the error pointed out must work a reversal of this cause, we deem it unnecessary to consider the very many other errors assigned.

This cause is reversed and remanded.

By the Court: It is so ordered.